UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN RITCHIE, individually and d/b/a
VIOLENT FEMMES,

    Plaintiff,

-v-

GORDON GANO, individually and d/b/a GORNO
MUSIC a/k/a GORNO MUSIC (ASCAP) a/k/a
GORNO MUSIC PUBLISHING,

    Defendants.

JUDGE MARRERO

07 CIV 7269

Civil Action No._____

**COMPLAINT FOR
DECLARATORY RELIEF,
EQUITABLE RELIEF,
INJUNCTIVE RELIEF AND
DAMAGES AND DEMAND FOR
JURY TRIAL**

Plaintiff Brian Ritchie, individually and d/b/a Violent Femmes, by his attorneys Jackson Walker L.L.P., for his Complaint against Defendant Gordon Gano, individually and d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing, alleges the following:

## I. INTRODUCTION

1. In 1980, Brian Ritchie (bassist, multi-instrumentalist and vocalist) ("**Ritchie**") founded the seminal alternative rock / folk-punk band Violent Femmes (the "**Band**"), which later included the membership of Victor DeLorenzo (percussionist) – who joined the Band in 1980 – and Gordon Gano (guitarist and lead vocalist) – who joined the Band in 1981.

2. After finalizing its original lineup, the Band signed a recording contract with Slash Records and then, on or about March 1983, released its self-titled, debut album, *Violent Femmes* ("**Debut Album**"). The Band quickly garnered a cult following that soon exploded into widespread popularity, and the Debut Album was certified "platinum" status by the Recording Industry Association of America on or about February 1, 1991.

3. With Ritchie and Gano at the helm, the Band has recorded at least ten full-length

1

albums and toured the World at least a dozen times. As is common with many touring acts, however, the Band has experienced its share of turmoil, such as changes in the Band's lineup – for example, Guy Hoffman replaced DeLorenzo in or about 1993 when DeLorenzo left the Band to pursue opportunities as a solo artist, but was re-replaced by DeLorenzo in or about 2003 – and intra-band disputes. This action is the unfortunate culmination of an on-going, intra-band dispute between Ritchie and Gano over Gano's misappropriation and misadministration of Ritchie's interests in the jointly-owned songs and assets of the Band, misappropriation of assets solely owned by Ritchie, improper accounting and non-payment of royalties.

4. By this action, Ritchie seeks, *inter alia*, a declaration of rights between Ritchie and Gano concerning ownership and administration of the songs and assets of the Band, a declaration that Ritchie jointly-authored said songs and owns said assets, exclusive control over administration of said songs and assets, an accounting and payment of past and future royalties from the exploitation of said songs and assets, injunctive relief preventing further injury to said songs and assets, and legal and equitable damages relating to past wrongdoing.

## II. PARTIES

5. Plaintiff Brian Ritchie, individually and d/b/a Violent Femmes, is an individual citizen of the United States of America residing in Hobart, Tasmania, Australia ("**Ritchie**").

6. Upon information and belief, Defendant Gordon Gano is an individual residing in New York, New York, and, upon information and belief, Defendant Gordon Gano d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing, is a private business entity wholly owned and controlled by Gano with its principal place of business in New York, New York (together, Defendants Gano, individually, and Gordon Gano d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing, are referred to herein as "**Gano/Gorno Music**").

### III. JURISDICTION AND VENUE

7. This is a civil action between citizens of different domiciles for damages in excess of $75,000.00, excluding interest and costs, to which this Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship).

8. Additionally, this is a civil action seeking declaratory relief under the Declaratory Judgments Act, 18 U.S.C. §§ 2201 and 2202, injunctive relief, an accounting, the appointment of an equitable receiver and damages for violations of the Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, 15 U.S.C. § 1051 *et seq.* Accordingly, this Court has subject matter jurisdiction over the foregoing claims pursuant to 28 U.S.C. §§ 1331 (federal question), as well as exclusive subject matter jurisdiction over interpretations of the Copyright Act in connection with Plaintiff's request for declaratory judgment pursuant to 17 U.S.C. § 101 *et seq.* and 28 U.S.C. § 1338(a) (copyright jurisdiction).

9. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367(a) (supplemental jurisdiction) over Plaintiff's claims seeking injunctive relief, the creation of a constructive trust and damages for violations of New York state law because said claims arise out of the same case or controversy for which, as set forth herein, this Court already has proper subject matter jurisdiction.

10. This Court has personal jurisdiction over Defendants because Gano/Gorno Music resides in, and is thus physically present in, the State of New York and this Judicial District and does business in New York and this Judicial District. See N.Y. C.P.L.R. § 301.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(a)(1) and 1391(a)(2) (venue for when "jurisdiction is founded only on diversity of citizenship") and/or 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) (venue for when "jurisdiction is not founded solely on diversity of citizenship") because Gano/Gorno Music resides in New York and/or a substantial

part of the events or omissions giving rise to this action occurred in this Judicial District. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1400(a) (copyright venue) because Gano/Gorno Music "resides, is found, has an agent, or transacts his affairs" in this Judicial District, and this action seeks declaratory and other equitable relief regarding the disputed ownership of certain copyrights.

## IV.   NATURE OF THE CASE

12.   This is a civil action for (a) declaratory judgment pursuant to the Declaratory Judgments Act, 18 U.S.C. §§ 2201 and 2202; (b) breach of contract, unjust enrichment and breach of the implied covenant of good faith and fair dealing pursuant to New York state law; (c) breach of duty pursuant to New York state law; (d) an action for an accounting pursuant to federal and New York state law; (e) conversion pursuant to New York state law; (f) violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; (g) trademark dilution and injury to business reputation pursuant to New York state law; (h) voice misappropriation pursuant to New York state law; (i) waste pursuant to New York state law; (j) fraud pursuant to New York state law; (k) rescission of contract pursuant to New York state law; (l) the appointment of an equitable receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure; (m) the creation of a constructive trust pursuant to New York state law; (n) injunctive relief pursuant to federal and New York state law; and (o) exemplary damages pursuant to New York state law. These claims arise from Gano/Gorno Music's unauthorized misappropriation and misadministration of Ritchie's copyright and publishing rights in and to certain musical compositions and sound recordings, and failure to account to Ritchie for the exploitation of the foregoing and related properties.

## V. BACKGROUND

### A. A Brief History of Violent Femmes.

13. Since on or about 1980, and through the filing of this Complaint, the Band has achieved fame, success and goodwill as a business for profit that provides consumers with unique entertainment goods and services, such as the creation, performance and sound recording of musical compositions, the licensing of said musical works and related merchandising activities ("**Entertainment Goods and Services**").

14. Ritchie is the founder and a highly visible member of the Band, for which he has written and/or co-written certain musical compositions that are, in part, the subject of this action ("**Compositions**"). Ritchie has also added distinctive structure and expression to the Compositions as the Band's bassist by means of performing the Compositions live in concert and on the Band's various albums (or sound recordings) ("**Recordings**"), which are also, in part, the subject of this action. The Compositions and Recordings are listed on "Exhibit A" attached hereto.

15. Gano is also a highly visible member of the Band, for which he publicly performs the Compositions as the Band's guitarist and lead vocalist.

16. One of the Band's most successful and readily identifiable Compositions is "Blister In The Sun" ("**BITS**"). BITS is the Band's signature song and a mainstay of the Band's ever-expanding music catalog. Both die-hard fans and general audiences alike recognize BITS and, thus, the Band when they hear Ritchie's distinctive voice: the prominent bass line written and performed by Ritchie that grounds BITS's first measures and verses.

17. Another successful and readily identifiable Composition is "Gone Daddy Gone" ("**GDG**"). Gano contributed material and structure for GDG, portions of which were derived from a 1954 song by Chicago blues musician Willie Dixon titled "I Just Want To Make Love To

You"; Ritchie, however, completed GDG by contributing independently copyrightable material, such as musical notes, riffs, phrasings and structure.

**B.  Violent Femmes Businesses.**

18.  To further the Band's business activities, the longtime partners, Ritchie and Gano/Gorno Music, along with third parties, either individually or collectively, have formed the following entities:

(a)  Violent Femmes, Inc. ("**VF, Inc.**") is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Upon information and belief, the Band's members own equal shares in VF, Inc.: Ritchie owns a one-third (1/3) interest, Gano/Gorno Music owns a one-third (1/3) interest and DeLorenzo owns a one-third (1/3) interest. Upon further information and belief, VF, Inc. publishes a majority of the Band's catalog items[1].

(b)  Violent Femmes Touring, Inc. ("**VF Touring**") is a New York corporation with its principal place of business in New York, New York. Upon information and belief, Ritchie and Gano/Gorno Music own equal shares in VF Touring: Ritchie owns a one-half (1/2) interest and Gano/Gorno Music owns a one-half (1/2) interest. Upon further information and belief, VF Touring handles merchandising and publishing for the Band's live concerts.

(c)  Add It Up Productions, Inc. ("**Add It Up**") is a Delaware corporation with its principal place of business in Roseland, New Jersey. Upon information and belief, Ritchie and Gano/Gorno Music own equal shares of Add It Up: Ritchie owns a one-half interest (1/2) and Gano/Gorno Music owns a one-half (1/2) interest. Upon further information and belief, Add It Up produces the Band's new musical compositions and sound recordings and publishes a minority of the Band's catalog items.

(d)  VF2, Inc. ("**VF2**") is a Wisconsin corporation with its principal place of business

---

[1] "Catalog items" are sound recordings that have had their initial run, but are currently not promoted.

in Roseland, New Jersey. Upon information and belief, VF2 was dissolved on or about October 14, 2004 pursuant to a null and void agreement between Ritchie and Gano/Gorno music ("**2001 Agreement**"). A copy of the 2001 Agreement is attached hereto as "Exhibit B".

19. Upon information and belief, Gano is the sole and exclusive owner of Gano/Gorno Music. Upon further information and belief, an attorney named Alan Skiena handles the day-to-day business activities of Gano/Gorno Music.

C.   **Basis for the Intra-Band Dispute.**

   i.   **The Trademark VIOLENT FEMMES.**

20. Ritchie alone named the Band "Violent Femmes" when it was formed during 1980. He is now the sole and exclusive owner of United States Trademark Registration No. 2699392, for the mark VIOLENT FEMMES, registered on March 25, 2003 for "entertainment in the nature of live performances by a musical group" and "audio recording and production". A copy of said registration is attached hereto as "Exhibit C". This registration is now valid, subsisting, uncancelled and unrevoked.

21. Continuously since about 1980, and prior to Gano's admission to the Band, Ritchie has used the mark VIOLENT FEMMES in connection with and to identify the Entertainment Goods and Services provided by Ritchie (and at times, by Ritchie through the Band) in interstate and intrastate commerce throughout the United States including the State of New York. Ritchie has also used the trademark VIOLENT FEMMES to distinguish said Entertainment Goods and Services from similar goods and services offered by other individuals and entities by, *inter alia*, prominently displaying the trademark VIOLENT FEMMES on the Band's music albums, merchandise and related promotional materials.

22. In addition, as of the filing of this Complaint, Ritchie is actively engaged in properly expanding his use of the trademark VIOLENT FEMMES in connection with the

Entertainment Goods and Services in good faith and in interstate commerce throughout the United States including the State of New York.

### ii. The 2001 Agreement.

23. The 2001 Agreement served to amicably dissolve VF2. (See Ex. B at Preamble.) Unfortunately, the 2001 Agreement also served to create the intra-band dispute that forms, in part, the basis of this action. Specifically, Paragraph 7 of the 2001 Agreement disproportionately distributes the copyright and publishing royalties in and to the Compositions and Recordings between Ritchie and Gano/Gorno Music. (See Ex. B at ¶ 7.)

24. Upon information and belief, the 2001 Agreement is null, void and/or unenforceable because it was coerced and/or induced by fraud and/or contains a material mutual mistake of fact and/or is unconscionable.

### D. Defendant's Unlawful Activities.

25. Since the execution of the 2001 Agreement, Gano/Gorno Music and Skiena have neither fully paid Ritchie the royalties to which he is entitled to, nor provided Ritchie with any accounting of the royalty payments made to Ritchie. Since the 1980's (and more actively since 2002), Ritchie and Ritchie's authorized representatives have repeatedly made demand upon Gano/Gorno Music and Skiena to tender said payments and accountings; however, Gano/Gorno Music, himself and through Skiena, has completely disregarded Ritchie's continued demands.

26. In addition, Gano/Gorno Music and Skiena have consistently barred Ritchie from participating in, becoming informed about or receiving royalty payments from the licensing of the Compositions, the Recordings and certain marks associated with Ritchie and/or the Band.

27. For example, upon information and belief, Gnarls Barkley, the popular music duo, recently licensed and re-recorded GDG for inclusion in their 2006 debut album titled *St. Elsewhere*. Gano/Gorno Music apparently negotiated and granted said license despite the

repeated requests and demands of Ritchie to provide Ritchie with information about the terms of such license and the appropriate royalty payments from said license. As of the filing of this Complaint, Ritchie's requests and demands upon Gano/Gorno Music have been totally ignored.

28. In another example, Gano/Gorno Music caused ruin to a lucrative business opportunity between Ritchie and Howard Comart, a certified public accountant who, at the time, was attempting to enter into the music publishing business by purchasing Ritchie's interests in and to the Compositions and Recordings. Upon the request of both Ritchie and Comart, Gano/Gorno Music and Skiena were supposed to provide Comart with a detailed accounting of Ritchie's interests in and royalties from the Compositions and Recordings, so Comart could make an informed decision about whether to purchase Ritchie's interests in and to the Compositions and Recordings. In an e-mail between Skiena and Comart dated November 30, 2006 ("**2006 E-mail**"), a copy of which is attached hereto as "Exhibit D", Skiena, on behalf of Gano/Gorno Music, provided Comart with three arbitrary figures – $14,072.13, $18,160.90 and $17,137.05 – representing "[p]ayments made to [Ritchie] for" the years 2003, 2004 and 2005, respectively, and "a one-time upward adjustment in the amount of $2,039.39." (Ex. D.) As a result of Gano/Gorno Music and Skiena's refusal to provide Comart with requisite accountings concerning Ritchie's royalties from the Compositions and Recordings, Comart passed on the business opportunity of purchasing Ritchie's interests in and to the Compositions and Recordings.

29. Moreover, upon information and belief, the figures provided in the 2006 E-mail are false and misleading statements of the royalties Ritchie was actually entitled to in the years 2003, 2004 and 2005.

30. While barring Ritchie from participation, information and payment regarding the

Compositions and Recordings, Gano/Gorno Music and Skiena have also licensed the Compositions, the Recordings and said marks associated with the Band to third parties for use in or in connection with certain works, goods and/or services that cause probable and imminent economic harm to Ritchie and the Band.

31. In about late 2006, for example, Gano/Gorno Music or Skiena licensed BITS to Wendy's International, Inc., the fast food restaurant ("**Wendy's**"), for use in a series of television, radio and Internet advertisements that promote Wendy's and its fast food products ("**Wendy's Advertisement**"). As with the license of GDG to Gnarls Barkley, Gano/Gorno Music granted said license to Wendy's despite the repeated requests and demands of Ritchie to provide Ritchie with information about and appropriate royalty payments from said license. As of the filing of this Complaint, Ritchie's requests and demands upon Gano/Gorno Music have been totally ignored.

32. Unlike the license of GDG to Gnarls Barkley, however, the Wendy's Advertisement has had more deleterious effects upon Ritchie and the Band. The Wendy's Advertisement has damaged the goodwill inherent in said marks associated with Ritchie and the Band by disrupting the Band's existing fan base. In an online blog, one fan commented on the Wendy's Advertisement by stating, "when I heard the Violent Femmes' seminal hit, 'Blister In The Sun' on the TV, my ears perked up. Then my jaw dropped. Then my heart sank."[2]

## VI.   CAUSES OF ACTION

A. **COUNT 1 – Declaratory Judgment Concerning Musical Compositions Performed by Violent Femmes.**

33. Plaintiff incorporates by reference Paragraphs 1 - 32 as if set forth herein.

34. As set forth herein, ownership of the Compositions is disputed. (See Ex. A.)

---

[2] Andy Tarnoff, *The Femmes and Wendy's: I can't add it up*, OnMilwaukee.com, http://onmilwaukee.com/music/soundcheck/articles/femmeswendys.html (last visited May 2, 2007).

35. Upon information and belief, Ritchie made independently copyrightable contributions to the Compositions and was intended to be the joint-author of the Compositions.

36. Accordingly, Plaintiff seeks a Declaratory Judgment as follows:

(a) Declaration that the Compositions are "joint-works", as that term is understood under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* and the common law of the United States;

(b) Declaration that Ritchie is the joint-author of the Compositions and, therefore, owns fifty percent (50%) of all copyright rights in and to the Compositions; and

(c) Declaration that Ritchie is entitled to his respective fifty percent (50%) share of all past and future royalties due from the administration of copyrights (including publishing rights) in and to the Compositions.

**B.  COUNT 2 – Declaratory Judgment Concerning Sound Recordings That Embody Performances by Violent Femmes.**

37. Plaintiff incorporates by reference Paragraphs 1 - 36 as if set forth herein.

38. As set forth herein, ownership of the Recordings is disputed. (<u>See</u> Ex. A.)

39. Upon information and belief, Ritchie made independently copyrightable contributions to the Recordings and was intended to be the joint-author of the Recordings.

40. Accordingly, Plaintiff seeks a Declaratory Judgment as follows:

(a) Declaration that the Recordings are "joint-works", as that term is understood under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* and the common law of the United States;

(b) Declaration that Ritchie is the joint-author of the Recordings and, therefore, owns fifty percent (50%) of all copyright rights in and to the Recordings; and

(c) Declaration that Ritchie is entitled to his respective fifty percent (50%) share of

all past and future royalties due from the administration of copyrights (including publishing rights) in and to the Recordings.

### C. COUNT 3 – Declaratory Judgment Concerning the Federal Trademark VIOLENT FEMMES.

41. Plaintiff incorporates by reference Paragraphs 1 - 40 as if set forth herein.

42. As set forth herein, Ritchie is the sole and exclusive owner of the federally registered trademark VIOLENT FEMMES.

43. Accordingly, Plaintiff seeks a Declaratory Judgment that Ritchie is the sole and exclusive owner of the trademark VIOLENT FEMMES, and any variation thereof, in connection with the Entertainment Goods and Services throughout the United States including the State of New York.

44. In the alternative, Plaintiff seeks a Declaratory Judgment that, in relation to Gano/Gorno Music, Ritchie has superior rights in and to the trademark VIOLENT FEMMES, and any variation thereof, in connection with the Entertainment Goods and Services throughout the United States including the State of New York.

### D. COUNT 4 – Declaratory Judgment Concerning the Common Law Trademark BLISTER IN THE SUN.

45. Plaintiff incorporates by reference Paragraphs 1 - 44 as if set forth herein.

46. Upon hearing the song BITS, especially the opening bass line, consumers immediately associate it with the Entertainment Goods and Services.

47. Since 1982, and through the filing of this Complaint, Ritchie and the Band have continuously used, and are actively engaged in expanding the use of BITS in connection with the Entertainment Goods and Services in good faith and in interstate and intrastate commerce throughout the United States including the State of New York.

48. Accordingly, Plaintiff seeks a Declaratory Judgment as follows:

(a) Declaration that, in whole or in part, BITS is a distinctive mark that consumers readily identify as being associated with Ritchie and/or the Band and the Entertainment Goods and Services they provide (hereinafter referred to as "**the trademark BLISTER IN THE SUN**"); and

(b) Declaration that Ritchie, as a member of the Band, and/or the Band have trademark rights throughout the United States including the State of New York in and to the trademark BLISTER IN THE SUN.

E. **COUNT 5 – Declaratory Judgment of a Partnership or Fiduciary Relationship.**

49. Plaintiff incorporates by reference Paragraphs 1 - 48 as if set forth herein.

50. Since the addition of Gano/Gorno Music to the Band in 1981, Ritchie and Gano/Gorno Music, as active and integral members of the Band and the Band's business activities, have associated to carry on as co-owners of the Band as a business for profit. This venture's business activities include without limitation the aforementioned Entertainment Goods and Services.

51. Accordingly, Plaintiff seeks a Declaratory Judgment as follows:

(a) Declaration that Ritchie and Gano/Gorno Music have formed a partnership relationship pursuant to N.Y. P'SHIP LAW § 10;

(b) Declaration that said partnership was formed in 1981 and is still in existence;

(c) Declaration that said partnership is engaged in the business of providing the Entertainment Goods and Services;

(d) Declaration that Ritchie and Gano/Gorno Music, as partners of said partnership, enjoy a fiduciary relationship with said partnership and with each other; and

(e) Declaration that Ritchie and Gano/Gorno Music share equally in the profits, losses, obligations, management and rights afforded by said partnership.

52. In the alternative, Ritchie and Gano/Gorno Music have enjoyed a special relationship of trust and confidence based on their long-enduring relationship as members of the Band and as business partners concerning the same. This special relationship began in 1981 with Gano's admission to the Band, was in existence on or about April 20, 2001 when Gano/Gorno Music coerced Ritchie into entering the 2001 Agreement, under which Richie entrusted Skiena with the duty to properly administer Ritchie's copyright and publishing rights in and to the Compositions and Recordings, and was in existence as of the filing of this Complaint. This special relationship exists independently from any contractual duties that Richie and Gano/Gorno Music may owe one another.

(a) Accordingly, Plaintiff seeks a Declaratory Judgment that Ritchie and Gano/Gorno Music have enjoyed, and continue to enjoy, a fiduciary relationship.

**F.    COUNT 6 – Declaratory Judgment That the 2001 Agreement Is Null, Void and/or Unenforceable.**

53. Plaintiff incorporates by reference Paragraphs 1 - 52 as if set forth herein.

   **i.    Coercion.**

54. Shortly before the 2001 Agreement, the Band accumulated debt (the "**Debt**"). Upon information and belief, the Debt consisted primarily of touring expenses the Band incurred over the years, such as commissions owed to road crews, tour managers and booking agents. Upon further information and belief, Ritchie and Gano/Gorno Music, as the Band's primary interest holders, were jointly liable for the Debt.

55. In an effort to pay the Debt, Ritchie and Gano/Gorno Music agreed to take the Band on tour during 2001 ("**2001 Tour**"). The 2001 Tour was organized by Ritchie, Gano/Gorno Music and Jamie Kitman – the Band's then tour manager. Like any tour, the financial success of the 2001 Tour greatly depended upon the Band's ability to book a quality