concert venue; said ability depended greatly upon whether booking agents and promoters were willing to place their money and reputations on the line for the Band's promise to perform.

56.    Gano threatened to leave the 2001 Tour unless Ritchie entered into the 2001 Agreement and renounced all rights in and to the trademark VIOLENT FEMMES. A departure by Gano from the 2001 Tour would result in the cancellation of about ten tour dates that the Band was contractually obligated to with the booking agents and promoters, as well as a loss of substantial income for Ritchie.  On one occasion, Gano acted upon his threats by purposefully failing to appear at the Band's 2001 concert at Brown University in Providence, Rhode Island. On other occasions, Gano, without Ritchie's knowledge or approval, unilaterally cancelled tour dates the Band had already agreed to, thereby straining the Band's working relationship with its booking agents and promoters.

57.    Gano's intentional interference directly reduced the Band's potential (and necessary) revenues from the 2001 Tour, thereby jeopardizing the Band's ability to satisfy the Debt and Ritchie's ability to make a living.  To guaranty the Band would continue the 2001 Tour, Ritchie had no choice but to enter into the 2001 Agreement; in other words, Gano/Gorno Music's threats and actions placed such economic pressure upon Ritchie that Ritchie's assent to the 2001 Agreement was coerced and hence involuntary.  Given the foregoing circumstances, the fiduciary and/or special relationship between Ritchie and Gano/Gorno Music as set forth herein, and the language of Paragraphs 1, 4, 7 and 9 of the 2001 Agreement, it is apparent that Gano/Gorno Music (Ritchie's partner and fiduciary) forced Ritchie to enter the 2001 Agreement against Ritchie's best interests and in violation of Gano/Gorno Music's obligations at law.  (See Ex. B at ¶ 1.)

15

58.    Accordingly, Plaintiff seeks a Declaratory Judgment that the 2001 Agreement is null and void and, therefore, unenforceable because Ritchie's contractual assent to the 2001 Agreement was coerced in violation of Gano/Gorno Music's fiduciary obligations.

**ii.    Mistake of Fact.**

59.    In the alternative, the 2001 Agreement was executed in error.  When Ritchie and Gano/Gorno Music executed the 2001 Agreement, they were both under the impression that it named Skiena as the "exclusive publishing administrat[or]" of the Compositions and Recordings for both Gano and Ritchie. (Ex. B at ¶ 7.)  Ritchie and Gano labored under this mutual mistake of fact because, *inter alia*, the plain language of two separate and conspicuous sentences within Paragraph 7 expressly stated that Skiena is responsible for "handling the administration and payment of Ritchie's income participation" in and to the Compositions and Recordings. (Id.)

60.    Skiena, however, refuses to be the exclusive publishing administrator for Ritchie as provided under the 2001 Agreement.  In a letter dated about March 6, 2007 ("**2007 Letter**"), a copy of which is attached hereto as "Exhibit E", Skiena admits the 2001 Agreement was mistakenly executed under the false premise that Skiena was to perform publishing administration services for Gano and Ritchie – "that statement was and is an error." (Ex. E at 2.)

61.    Accordingly, Plaintiff seeks a Declaratory Judgment that the Agreement is null and void and, therefore, unenforceable because, at the time of contracting, both Ritchie and Gano/Gorno Music labored under a material mistake of fact as to the administration of copyright and publishing rights in and to the Compositions and Recordings.

**iii.    Fraud In the Inducement.**

62.    In the alternative, Gano/Gorno Music and Skiena both knew Ritchie would perform his contractual obligation to assign his copyright and publishing rights in and to the Compositions and Recordings to Gano/Gorno Music in reliance upon the representation that

Skiena would act as Ritchie's attorney and administer said copyright and publishing rights and have a fiduciary obligation to pay Ritchie his ratable share of profits. Gano/Gorno Music and Skiena took advantage of Ritchie's trust by secretly intending never to perform their contractual obligations and reap the benefits of the Compositions and Recordings for themselves.

63.    For instance, upon information and belief, Gano/Gorno Music and Skiena both knew or should have known that the 2001 Agreement expressly names Skiena as the "exclusive publishing administrat[or]" for Gano/Gorno Music and Ritchie. (See Ex. B at ¶ 7.) In the 2007 Letter, however, Skiena expressly denies any obligation to Ritchie. (Ex. E at 2.) Skiena's denial shows that, at the time of contracting, Skiena had no intention of representing both Ritchie and Gano/Gorno Music, despite Ritchie and Gano/Gorno Music's express recitation to the contrary. (See Ex. B at ¶ 7.)

64.    Accordingly, Plaintiff seeks a Declaratory Judgment that the 2001 Agreement is null and void and, therefore, unenforceable because, at the time of contracting, Gano/Gorno Music and Skiena made false representations that Ritchie detrimentally relied upon by entering into the 2001 Agreement and assigning his copyright and publishing rights in and to the Compositions and Recordings to Gano/Gorno Music.

**iv.    Unconscionability.**

65.    In the alternative, the execution of the 2001 Agreement was – unbeknownst to Ritchie at the time of execution – clouded by a conflict of interest. Skiena recently claimed to be Gano/Gorno Music's personal attorney despite the fact that, as set forth in the 2001 Agreement, Skiena is the "exclusive publishing administrat[or]" for Gano/Gorno Music and Ritchie. (Ex. B at ¶ 7.) Due to this prevailing conflict of interest concerning Gano/Gorno Music and Skiena, the 2001 Agreement is unconscionable because Ritchie lacked any meaningful choice, was oppressed and/or was unfairly surprised by the conflict of interest when he executed the 2001

Agreement.

66.     Accordingly, Plaintiff seeks a Declaratory Judgment that the 2001 Agreement is unconscionable and, therefore, voidable at the option of Ritchie.

**G.     COUNT 7– Declaratory Judgment Concerning Administration of the Compositions and Recordings.**

67.     Plaintiff incorporates by reference Paragraphs 1 - 66 as if set forth herein.

68.     Gano/Gorno Music is unable and unwilling to properly administer the copyright and publishing rights in and to the Compositions and Recordings.  Gano/Gorno Music's continuing misadministration of said properties will destroy their marketability and value.

69.     Accordingly, Plaintiff seeks a Declaratory Judgment as follows:

(a)     Declaration that Ritchie has the sole and exclusive right to administer the copyright and publishing rights in and to the Compositions and Recordings;

(b)     Declaration that Richie, as the sole and exclusive administrator of said properties, has the sole and exclusive right to collect all monies derived from the exploitation of the Compositions and Recordings, and to pay the ratable share of said monies to the appropriate royalty interest holders; and

(c)     Declaration that Ritchie, as the sole and exclusive administrator of said properties, has the right to exclude Gano/Gorno Music from administering the copyright and publishing rights in and to the Compositions and Recordings.

**H.     COUNT 8– Breach of Contract, Unjust Enrichment and Breach of the Implied Covenant of Good Faith and Fair Dealing.**

70.     Plaintiff incorporates by reference Paragraphs 1 - 69 as if set forth herein.

71.     As set forth herein, the 2001 Agreement is null and void and unenforceable. Assuming, *arguendo*, that the 2001 Agreement is enforceable, then , in the alternative, Gano/Gorno Music is liable for breach of contract, unjust enrichment and/or breach of the

18

implied covenant of good faith and fair dealing.

72.    Ritchie has performed his obligations under the 2001 Agreement. Gano/Gorno Music and Skiena, however, have failed to perform their obligations under the 2001 Agreement by, *inter alia*, not accounting to Ritchie for his ratable share of profits from the exploitation of his property, and by refusing to tender any meaningful accounting statements.

73.    As a direct and proximate result of Gano's breach of contract, Ritchie has been damaged by, *inter alia*, the amount of monies that remain due to him under the 2001 Agreement.

74.    In the alternative, Gano/Gorno Music have enriched themselves since at least April 20, 2001 by impermissibly exploiting Ritchie's proprietary rights in and to the trademark VIOLENT FEMMES, the trademark BLISTER IN THE SUN, the Compositions and the Recordings without permission and without properly accounting to Ritchie for his share of royalties from said exploitations. Accordingly, Gano/Gorno Music's retention of the benefits from the unauthorized exploitation of Ritchie's property is equitably unjust.

75.    In the alternative, Gano/Gorno Music's exploitation of Ritchie's proprietary rights in and to the Compositions and Recordings pursuant to the 2001 Agreement was made in bad faith because Gano/Gorno Music derived personal economic benefits from the exploitation of Ritchie's property while intentionally failing to account to Ritchie for his share of royalties from said exploitations and, as set forth herein, intentionally causing waste to the future value of Ritchie's property for the purpose of present value gain.

76.    As a direct and proximate result of Gano/Gorno Music's breach of the 2001 Agreement's implied covenant of good faith and fair dealing, Ritchie has been damaged by, *inter alia*, the amount of monies that remain due to him under the 2001 Agreement and the loss of future net profits.

19

I.    **COUNT 9 – Breach of Fiduciary Duty.**

77.    Plaintiff incorporates by reference Paragraphs 1 -76 as if set forth herein.

78.    As set forth herein, Gano/Gorno Music has failed to pay and account to Ritchie for his ratable share of profits from the exploitation of the Compositions and Recordings. Accordingly, Gano/Gorno Music has breached his duty as a partner to share the profits of the partnership in violation of N.Y. P'SHIP LAW § 40(1).

79.    In addition, Gano/Gorno Music has ignored Ritchie's demands to render true and full information of all things affecting the partnership, including the rendering of proper accountings and the licensing of the song and trademark BLISTER IN THE SUN to Wendy's for use in the Wendy's Advertisement, an act that has caused waste to said properties. Accordingly, Gano/Gorno Music has breached his duty as a partner (a) to render information concerning the partnership to Ritchie in violation of N.Y. P'SHIP LAW § 42; and (b) to permit Ritchie to share in equal management of the partnership in violation of N.Y. P'SHIP LAW § 40(5).

80.    In the alternative, Gano/Gorno Music has committed the foregoing acts in breach of his fiduciary duty to Ritchie because, as set forth herein, Ritchie and Gano/Gorno Music have enjoyed, and continue to enjoy, a long-enduring fiduciary relationship that exists independently from any contractual duties that Ritchie and Gano/Gorno Music may owe one another.  Ritchie has been damaged by Gano/Gorno Music's breach of fiduciary duty, including Gano/Gorno Music's continuing failure to pay royalties and render true and full information to his principal, Ritchie.

J.    **COUNT 10 – Action for an Accounting.**

81.    Plaintiff incorporates by reference Paragraphs 1 - 80 as if set forth herein.

82.    As set forth herein, despite repeated requests, Gano/Gorno Music and Skiena have refused to provide any information or proper accounting to Ritchie for his share of royalties or

from the exploitation of the Compositions and Recordings. Accordingly, Ritchie is entitled to an accounting of all consideration Gano/Gorno Music or Skiena (or anyone on their behalf) have received from the exploitation of Ritchie's property.

83.    In the alternative, Gano/Gorno Music has failed to account to Ritchie, Gano/Gorno Music's partner, for his ratable share of the partnership's profits from the exploitation of the partnership's property, namely the Compositions and Recordings. Accordingly, Ritchie is entitled to an accounting of his ratable share of monies the partnership has received from the exploitation of the partnership's property pursuant to N.Y. P'SHIP LAW § 44(1).

84.    In the alternative, Gano/Gorno Music, as the fiduciary of Ritchie, has failed to account to Ritchie for his share of royalties from the exploitation of the Compositions and Recordings. Accordingly, Ritchie is entitled to an accounting of monies Gano/Gorno Music has received from the exploitation of Ritchie's property.

**K.    COUNT 11 – Conversion.**

85.    Plaintiff incorporates by reference Paragraphs 1 - 84 as if set forth herein.

86.    As set forth herein, the Agreement is unenforceable.

87.    As joint-owner of the Compositions and Recordings, Ritchie has legal ownership of or an immediate superior right of possession in and to a share of royalties from the exploitation of said joint-works. Gano/Gorno Music have failed to account to Ritchie for said royalties, thereby maintaining wrongful control over Ritchie's property. Accordingly, Ritchie has been damaged by Gano/Gorno Music's conversion of the royalties that remain due to Ritchie.

21

**L.     COUNT 12 – False Endorsement, False Designation of Origin and Unfair Competition.**

88.     Plaintiff incorporates by reference Paragraphs 1 - 87 as if set forth herein.

89.     Ritchie is a celebrity because he is a founding and highly visible member of a famous musical group. The public associates Ritchie with the trademark BLISTER IN THE SUN and the trademark VIOLENT FEMMES because of his involvement with the Band.

90.     Gano/Gorno Music's improper licensing of these marks, including the Wendy's Advertisement, implies that Ritchie has endorsed the companies to which the licenses have been made (including, for example, Wendy's and its fast food products) in such a way that consumers have and are likely to be mislead about Ritchie's celebrity sponsorship or approval of these companies and their fast food products. Accordingly, Gano/Gorno Music has engaged in false endorsement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by capitalizing on Ritchie's valuable reputation and goodwill in a way likely to cause confusion or to deceive as to the affiliation, connection or association of Wendy's and its fast food products with Ritchie, or as to the sponsorship or approval of Wendy's and its fast food products by Ritchie.

**M.     COUNT 13 – Trademark Dilution and Injury to Business Reputation.**

91.     Plaintiff incorporates by reference Paragraphs 1 - 90 as if set forth herein.

92.     As set forth herein, the trademarks BLISTER IN THE SUN and VIOLENT FEMMES are famous trademarks in the United States and the State of New York, and they were famous prior to the commission of the unlawful activities alleged herein.

93.     Upon information and belief, Gano/Gorno Music's unlawful activities concerning the Wendy's Advertisement have diluted the distinctive quality of the trademark BLISTER IN THE SUN and the trademark VIOLENT FEMMES. As a result of the Wendy's Advertisement,

consumers now associate the trademark BLISTER IN THE SUN with Wendy's and its fast food products. This new association has had deleterious effects upon the trademarks, goodwill and business reputation of Ritchie and the Band. Accordingly, Gano/Gorno Music's use has blurred and tarnished the famous trademark BLISTER IN THE SUN, the famous trademark VIOLENT FEMMES and the business reputation of Ritchie and the Band/partnership, all of which constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and trademark dilution and injury to business reputation in violation of N.Y. GEN. BUS. LAW § 360-l.

N.     **COUNT 14 – Voice Misappropriation.**

94.     Plaintiff incorporates by reference Paragraphs 1 - 93 as if set forth herein.

95.     As set forth herein, Ritchie has a distinctive voice that the public associates with Ritchie and the signature song and trademark BLISTER IN THE SUN: his distinctive bass line that grounds the first measures and verses of BITS.

96.     Gano/Gorno Music has not obtained the written consent of Ritchie to use Ritchie's famous voice in the Wendy's Advertisement. Accordingly, Gano/Gorno Music violated Ritchie's right of publicity by misappropriating his voice for use in commercial advertisements without obtaining his written consent in violation of N.Y. CIV. RIGHTS LAW § 51.

O.     **COUNT 15 – Waste.**

97.     Plaintiff incorporates by reference Paragraphs 1 - 96 as if set forth herein.

98.     As set forth herein, Gano/Gorno Music's unauthorized license of BITS and the trademark BLISTER IN THE SUN to Wendy's for use in the Wendy's Advertisement has damaged the goodwill of said properties such that Gano/Gorno Music has committed waste upon Ritchie's proprietary rights in BLISTER IN THE SUN and, vis-à-vis the public's association of BLISTER IN THE SUN with the Band, the trademark VIOLENT FEMMES. Accordingly,

23

Gano/Gorno Music has caused probable and imminent economic harm to the future earning potential of the copyright and publishing rights in and to BITS, the trademark BLISTER IN THE SUN and the trademark VIOLENT FEMMES, thereby destroying the marketability and value of said properties owned and/or jointly-owned by Ritchie.

**P.    COUNT 16 – Fraud.**

99.    Plaintiff incorporates by reference Paragraphs 1 - 98 as if set forth herein.

100.    As set forth herein, Gano/Gorno Music and Skiena, at the time of contracting, made materially false representations about their intention to properly administer Ritchie's property and account to Ritchie for his share of royalties from the exploitation of his property. In entering into the 2001 Agreement and assigning his proprietary rights to Gano/Gorno Music, Ritchie detrimentally relied upon the representations of Gano/Gorno Music and Skiena. Gano/Gorno Music and Skiena have mis-administered Ritchie's property, thereby causing waste to the future value of Ritchie's property for the purpose of present value gain.

101.    As a direct and proximate result of Gano/Gorno Music's fraud, Ritchie has been damaged by, *inter alia*, the amount of monies that remain due to him under the Agreement and the loss of future revenue.

**Q.    COUNT 17 – Alternative Request for Rescission of the 2001 Agreement.**

102.    Plaintiff incorporates by reference Paragraphs 1 - 101 as if set forth herein.

103.    As set forth herein, Gano/Gorno Music induced Ritchie's assent to the 2001 Agreement by economic coercion. Gano/Gorno Music's wrongful conduct is the kind of coercion for which the law allows a rescission of the 2001 Agreement.

104.    In the alternative, and as set forth herein, the 2001 Agreement was entered into upon the Parties' mutual mistake of a material fact and is, therefore, void. Accordingly, the law allows a rescission of the 2001 Agreement.

24

105.    In the alternative, and as set forth herein, Gano/Gorno Music and Skiena fraudulently induced Ritchie into entering the 2001 Agreement.    Gano/Gorno Music and Skiena's wrongful conduct is the kind of fraud for which the law allows a rescission of the 2001 Agreement.

106.    In the alternative, as set forth herein, the 2001 Agreement is unconscionable and, therefore, voidable.    Accordingly, the law allows Ritchie to elect for a rescission of the 2001 Agreement without penalty.

107.    In the alternative, Gano/Gorno Music have failed to account to Ritchie for his ratable share of profits form the exploitation of his property in breach of the Agreement. Gano/Gorno Music's failure to perform is the kind of breach for which the law allows a rescission of the Agreement.

**R.    COUNT 18 – Request for the Appointment of a Receiver.**

108.    Plaintiff incorporates by reference Paragraphs 1 - 107 as if set forth herein.

109.    As set forth herein, Gano/Gorno Music are unable and unwilling to properly administer the copyright and publishing rights in and to the Compositions and Recordings, as exemplified by, *inter alia*, Gano/Gorno Music's non-payment of royalties and the Wendy's Advertisement.  Gano/Gorno Music's continuing misadministration of said properties poses a clear and imminent danger to the future earning potential and goodwill of said properties, for which Ritchie has and will continue to suffer irreparable harm unless the Court appoints a receiver to administer and account for the properties currently controlled by Gano/Gorno Music.

110.    There is a substantial likelihood that Ritchie will prevail on the merits. Moreover, the harm faced by Ritchie outweighs the harm that Gano/Gorno Music would sustain if the Court appoints a receiver.  Accordingly, the appointment of a receiver to administer and account for Ritchie's property under the control of Gano/Gorno Music is warranted.

25

S.    **COUNT 19 – Request for a Constructive Trust.**

111.    Plaintiff incorporates by reference Paragraphs 1 - 110 as if set forth herein.

112.    As set forth herein, Gano/Gorno Music have used, *inter alia*, Gano/Gorno Music's fiduciary relationship with Ritchie to unjustly enriched themselves by exploiting Ritchie's property without accounting to Ritchie for his share of royalties. Accordingly, Ritchie is entitled to the creation of a constructive trust for the benefit of Ritchie and with the corpus being the past and future monies that remain due to Ritchie.

T.    **COUNT 20 – Request for an Injunction.**

113.    Plaintiff incorporates by reference Paragraphs 1 - 112 as if set forth herein.

114.    Ritchie will suffer irreparable harm if the Court does not enjoin Gano/Gorno Music from the further administration of the copyright and publication rights in and to the Compositions and Recordings. As set forth herein, Gano/Gorno Music has already caused probable and imminent economic harm to the future earning potential of the Compositions and Recordings, thereby destroying the marketability and value of said properties owned and/or jointly-owned by Ritchie. The continued exercise of control over said properties by Gano/Gorno Music will only magnify said harm to the detriment of Ritchie and his property.

115.    There is a substantial likelihood that Ritchie will prevail on the merits. Moreover, the harm faced by Ritchie outweighs the harm that Gano/Gorno Music would sustain if the Court enjoins further administration of the Compositions and Recordings by Gano/Gorno Music. Accordingly, an order to permanently enjoin further administration of said properties by Gano/Gorno Music is warranted pursuant to N.Y. GEN. BUS. LAW § 360-l.

U.    **COUNT 21 – Request for Exemplary Damages.**

116.    Plaintiff incorporates by reference Paragraphs 1 - 115 as if set forth herein.

117.    As set forth herein, Gano/Gorno Music tortiously breached the fiduciary duties he

26

owes to Ritchie, which, upon information and belief, involved egregious conduct and wanton dishonesty on the part of Gano/Gorno Music. Accordingly, Gano/Gorno Music's tortious conduct is the kind for which the law allows an award of exemplary damages.

## V.    COUNT 22 – Request for Attorneys Fees and Costs of Suit.

118.   Plaintiff incorporates by reference Paragraphs 1 - 117 as if set forth herein.

119.   As a result of Gano/Gorno Music's activities as alleged herein, Ritchie has retained counsel and seeks reimbursement for his reasonable attorneys' fees and costs of suit pursuant to applicable law.

## VII.    REMEDIES REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    for a Judgment in favor of Ritchie on all counts asserted herein;

2.    for a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 1;

3.    for a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 2;

4.    For a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 3;

5.    For a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 4;

6.    For a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 5;

7.    For a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 6;

8.    For a Declaratory Judgment in favor of Ritchie on the claims set forth in Count 7;

9.    Alternatively, for an order to rescind the 2001 Agreement;

10.   For an order appointing a receiver to administer and account for the copyrights and publishing rights of the Compositions and Recordings;

11.   For an order to create a constructive trust naming Ritchie as the beneficiary and designating the corpus as the past and future monies that remain due to Ritchie from the exploitation of his copyright and publishing rights in and to the Compositions and Recordings;

12.   For an order that Gano/Gorno Music account to Ritchie for Ritchie's ratable share of the past and future profits realized from the exploitation of his copyrights and publishing rights in and to the Compositions and Recordings;

27

13.    For a permanent injunction restraining further administration of the copyright and publishing rights in and to the Compositions and Recordings by Gano/Gorno Music;

14.    For actual damages according to law;

15.    For exemplary damages according to law;

16.    For Ritchie's costs in this action according to law;

17.    For Ritchie's reasonable attorneys' fees incurred herein according to law;

18.    For pre-judgment and post-judgment interest according to law; and

19.    For such other and further relief as the Court may deem just and proper.

## VIII.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 14, 2007

Respectfully submitted,

JACKSON WALKER L.L.P.

By:
Stacy Allen
Lawrence A. Waks*
Daniel Scardino*
Emilio B. Nicolas*
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Tel.: (512) 236-2000
Fax.: (512) 236-2002
Email: lwaks@jw.com, stacyallen@jw.com,
dscardino@jw.com, enicolas@jw.com
(*pro hac vice admission to be requested)

ATTORNEYS FOR BRIAN RITCHIE,
individually and d/b/a VIOLENT FEMMES

28