UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN RITCHIE, individually and d/b/a
VIOLENT FEMMES,

Plaintiff,

-v-

GORDON GANO, individually and d/b/a GORNO
MUSIC a/k/a GORNO MUSIC (ASCAP) a/k/a
GORNO MUSIC PUBLISHING,

Defendants.

No. 07-CIV-7269 (VM)

**ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff Brian Ritchie, individually and d/b/a Violent Femmes (collectively, "**Plaintiff**"), by his attorneys Jackson Walker L.L.P., answers the Amended Answer and Counterclaims filed on November 12, 2007 (the "**Counterclaims**") by Defendant-Counterclaimant Gordon Gano, individually and d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing (collectively, "**Defendant**"), as follows:

## I.    ADMISSIONS AND DENIALS

1.    Denies the allegations contained in paragraph 120 of the Counterclaims.

2.    Denies the allegations contained in paragraph 121 of the Counterclaims.

3.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Counterclaims, except admits Defendant and Plaintiff met while they were in high school in Milwaukee, Wisconsin.

4.    Denies the allegations contained in paragraph 123 of the Counterclaims, except admits that Plaintiff, Victor DeLorenzo and Defendant were in a group named "Violent Femmes".

5.     Denies the allegations contained in paragraph 124 of the Counterclaims.

6.     Denies the allegations contained in paragraph 125 of the Counterclaims.

7.     Denies the allegations contained in paragraph 126 of the Counterclaims.

8.     Denies the allegations contained in paragraph 127 of the Counterclaims.

9.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Counterclaims.

10.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Counterclaims.

11.     Denies the allegations contained in paragraph 130 of the Counterclaims.

12.     Denies the allegations contained in paragraph 131 of the Counterclaims.

13.     Denies the allegations contained in paragraph 132 of the Counterclaims.

14.     Denies the allegations contained in paragraph 133 of the Counterclaims.

15.     Denies the allegations contained in paragraph 134 of the Counterclaims.

16.     Denies the allegations contained in paragraph 135 of the Counterclaims.

17.     Denies the allegations contained in paragraph 136 of the Counterclaims.

18.     Denies the allegations contained in paragraph 137 of the Counterclaims.

19.     Denies the allegations contained in paragraph 138 of the Counterclaims.

20.     Denies the allegations contained in paragraph 139 of the Counterclaims.

21.     Denies the allegations contained in paragraph 140 of the Counterclaims.

22.     Denies the allegations contained in paragraph 141 of the Counterclaims.

23.     Denies the allegations contained in paragraph 142 of the Counterclaims.

24.     Denies the allegations contained in paragraph 143 of the Counterclaims.

25.     Denies the allegations contained in paragraph 144 of the Counterclaims.

26.    Denies the allegations contained in paragraph 145 of the Counterclaims.

27.    Denies the allegations contained in paragraph 146 of the Counterclaims.

28.    Denies the allegations contained in paragraph 147 of the Counterclaims.

29.    Denies the allegations contained in paragraph 148 of the Counterclaims.

30.    Denies the allegations contained in paragraph 149 of the Counterclaims.

31.    Denies the allegations contained in paragraph 150 of the Counterclaims.

32.    Denies the allegations contained in paragraph 151 of the Counterclaims.

33.    Denies the allegations contained in paragraph 152 of the Counterclaims.

34.    Denies the allegations contained in paragraph 153 of the Counterclaims.

35.    Denies the allegations contained in paragraph 154 of the Counterclaims.

36.    Denies the allegations contained in paragraph 155 of the Counterclaims.

37.    Denies the allegations contained in paragraph 156 of the Counterclaims.

38.    Denies the allegations contained in paragraph 157 of the Counterclaims.

39.    Denies the allegations contained in paragraph 158 of the Counterclaims.

40.    Denies the allegations contained in paragraph 159 of the Counterclaims.

41.    Denies the allegations contained in paragraph 160 of the Counterclaims.

42.    Denies the allegations contained in paragraph 161 of the Counterclaims.

43.    Denies the allegations contained in paragraph 162 of the Counterclaims, except admits no such agreement was reached.

44.    Denies the allegations contained in paragraph 163 of the Counterclaims.

45.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Counterclaims.

46.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Counterclaims.

47.    Denies the allegations contained in paragraph 166 of the Counterclaims.

48.    Denies the allegations contained in paragraph 167 of the Counterclaims.

49.    Denies the allegations contained in paragraph 168 of the Counterclaims.

50.    Denies the allegations contained in paragraph 169 of the Counterclaims.

51.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Counterclaims.  To the extent paragraph 170 of the Counterclaim calls for a legal conclusion, no response is required.

52.    Denies the allegations contained in paragraph 171 of the Counterclaims.

53.    Denies the allegations contained in paragraph 172 of the Counterclaims.

54.    Denies the allegations contained in paragraph 173 of the Counterclaims.

55.    Denies the allegations contained in paragraph 174 of the Counterclaims.

56.    Denies the allegations contained in paragraph 175 of the Counterclaims.

57.    Denies the allegations contained in paragraph 176 of the Counterclaims.

58.    Denies the allegations contained in paragraph 177 of the Counterclaims.

59.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 of the Counterclaims.

60.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 of the Counterclaims.

61.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the Counterclaims, except admits the Parties filed a motion to vacate a June 6, 2002 order of the Trademark Trial and Appeal Board.

62.     Denies the allegations contained in paragraph 181 of the Counterclaims.

63.     Admits the allegations contained in paragraph 182 of the Counterclaims.

64.     Denies the allegations contained in paragraph 183 of the Counterclaims.

65.     Denies the allegations contained in paragraph 184 of the Counterclaims.

66.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Counterclaims.

## ANSWER TO THE FIRST COUNTERCLAIM

67.     Responds to the allegations contained in paragraph 186 of the Counterclaims by repeating his responses to paragraphs 120 to 185 of the Counterclaims as set forth herein.

68.     Denies the allegations contained in paragraph 187 of the Counterclaims.

69.     Denies the allegations contained in paragraph 188 of the Counterclaims.  To the extent paragraph 188 of the Counterclaim calls for a legal conclusion, no response is required.

70.     Denies the allegations contained in paragraph 189 of the Counterclaims.  To the extent paragraph 189 of the Counterclaim calls for a legal conclusion, no response is required.

71.     Denies the allegations contained in paragraph 190 of the Counterclaims.  To the extent paragraph 190 of the Counterclaim calls for a legal conclusion, no response is required.

72.     Denies the allegations contained in paragraph 191 of the Counterclaims.  To the extent paragraph 191 of the Counterclaim calls for a legal conclusion, no response is required.

## ANSWER TO THE SECOND COUNTERCLAIM

73.     Responds to the allegations contained in paragraph 192 of the Counterclaims by repeating his responses to paragraphs 120 to 191 of the Counterclaims as set forth herein.

74.     Denies the allegations contained in paragraph 193 of the Counterclaims.

75.     Denies the allegations contained in paragraph 194 of the Counterclaims.  To the extent paragraph 194 of the Counterclaim calls for a legal conclusion, no response is required.

76.    Denies the allegations contained in paragraph 195 of the Counterclaims.  To the extent paragraph 195 of the Counterclaim calls for a legal conclusion, no response is required.

77.    Denies the allegations contained in paragraph 196 of the Counterclaims.  To the extent paragraph 196 of the Counterclaim calls for a legal conclusion, no response is required.

78.    Denies the allegations contained in paragraph 197 of the Counterclaims.  To the extent paragraph 197 of the Counterclaim calls for a legal conclusion, no response is required.

## ANSWER TO THE THIRD COUNTERCLAIM

79.    Responds to the allegations contained in paragraph 198 of the Counterclaims by repeating his responses to paragraphs 120 to 197 of the Counterclaims as set forth herein.

80.    Denies the allegations contained in paragraph 199 of the Counterclaims.

81.    Denies the allegations contained in paragraph 200 of the Counterclaims.

82.    Denies the allegations contained in paragraph 201 of the Counterclaims.

83.    Denies the allegations contained in paragraph 202 of the Counterclaims.  To the extent paragraph 202 of the Counterclaim calls for a legal conclusion, no response is required.

84.    Denies the allegations contained in paragraph 203 of the Counterclaims.  To the extent paragraph 203 of the Counterclaim calls for a legal conclusion, no response is required.

85.    Denies the allegations contained in paragraph 204 of the Counterclaims.

86.    Denies the allegations contained in paragraph 205 of the Counterclaims.  To the extent paragraph 205 of the Counterclaim calls for a legal conclusion, no response is required.

87.    Denies the allegations contained in paragraph 206 of the Counterclaims.

88.    Denies the allegations contained in paragraph 207 of the Counterclaims.

## ANSWER TO THE FOURTH COUNTERCLAIM

89.    Responds to the allegations contained in paragraph 208 of the Counterclaims by repeating his responses to paragraphs 120 to 207 of the Counterclaims as set forth herein.

90.    Denies the allegations contained in paragraph 209 of the Counterclaims.

91.    Denies the allegations contained in paragraph 210 of the Counterclaims.

### ANSWER TO THE FIFTH COUNTERCLAIM

92.    Responds to the allegations contained in paragraph 211 of the Counterclaims by repeating his responses to paragraphs 120 to 210 of the Counterclaims as set forth herein.

93.    Denies the allegations contained in paragraph 212 of the Counterclaims.

94.    Denies the allegations contained in paragraph 213 of the Counterclaims.

### II.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

95.    To the extent that any of the foregoing averments constitute affirmative defenses, they are incorporated herein by reference for all purposes.

### SECOND AFFIRMATIVE DEFENSE

96.    Additionally and alternatively, the Counterclaims fail to contain a short and plain statement of the grounds upon which the Court's jurisdiction depends pursuant to FED. R. CIV. P. 8(a)(1).

### THIRD AFFIRMATIVE DEFENSE

97.    Additionally and alternatively, the 2002 Agreement was never executed and, therefore, is not a valid or enforceable contract.

### FOURTH AFFIRMATIVE DEFENSE

98.    Additionally and alternatively, the 2002 Agreement lacked consideration and, therefore, is not a valid or enforceable contract.

### FIFTH AFFIRMATIVE DEFENSE

99.    Additionally and alternatively, the 2002 Agreement lacked mutual assent and, therefore, is not a valid or enforceable contract.

## SIXTH AFFIRMATIVE DEFENSE

100.    Additionally and alternatively, Plaintiff never accepted the 2002 Agreement and, therefore, the 2002 Agreement is not a valid or enforceable contract.

## SEVENTH AFFIRMATIVE DEFENSE

101.    Additionally and alternatively, the Parties lacked a meeting of the minds at the time they entered into the 2002 Agreement and, therefore, the 2002 Agreement is not a valid or enforceable contract.

## EIGHTH AFFIRMATIVE DEFENSE

102.    Additionally and alternatively, Plaintiff's contractual assent to the 2002 Agreement was coerced in violation of Defendant's fiduciary obligations.

## NINTH AFFIRMATIVE DEFENSE

103.    Additionally and alternatively, Plaintiff entered into the 2002 Agreement under economic coercion and/or duress.

## TENTH AFFIRMATIVE DEFENSE

104.    Additionally and alternatively, Defendant fraudulently induced Plaintiff to enter into the 2002 Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

105.    Additionally and alternatively, the 2002 Agreement was (and still is) premised upon a fraud and, therefore, is void, voidable and/or unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE

106.    Additionally and alternatively, the 2002 Agreement is illegal because it is void, voidable and/or unenforceable by statute or public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

107.    Additionally and alternatively, the 2002 Agreement is void, voidable and/or unenforceable as a matter of public policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

108.    Additionally and alternatively, the 2002 Agreement is unconscionable and, therefore, void, voidable and/or unenforceable.

## FIFTEENTH AFFIRMATIVE DEFENSE

109.    Additionally and alternatively, the 2002 Agreement was entered into upon a breach of fiduciary duty and is, therefore, void, voidable and/or unenforceable.

## SIXTEENTH AFFIRMATIVE DEFENSE

110.    Additionally and alternatively, the 2002 Agreement was entered into upon a conflict of interest and is, therefore, void, voidable and/or unenforceable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

111.    Additionally and alternatively, the statute of frauds bars enforcement of the 2002 Agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

112.    Additionally and alternatively, Defendant has not performed all conditions precedent that it was required to perform before filing suit.

## NINETEENTH AFFIRMATIVE DEFENSE

113.    Additionally and alternatively, Defendant's counterclaims are barred by Defendant's own breach of the 2002 Agreement.

## TWENTIETH AFFIRMATIVE DEFENSE

114.    Additionally and alternatively, Defendant's counterclaims are barred by Defendant's anticipatory repudiation of the 2002 Agreement.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

115.    Additionally and alternatively, Defendant's counterclaims are barred by Defendant's breach of the implied covenant of good faith and fair dealing for the 2002 Agreement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

116.    Additionally and alternatively, Defendant is estopped from suing on the 2002 Agreement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

117.    Additionally and alternatively, Defendant waived his right to sue on the 2002 Agreement.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

118.    Additionally and alternatively, the 2001 Agreement was never executed and, therefore, is not a valid or enforceable contract.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

119.    Additionally and alternatively, the 2001 Agreement lacked consideration and, therefore, is not a valid or enforceable contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

120.    Additionally and alternatively, the 2001 Agreement lacked mutual assent and, therefore, is not a valid or enforceable contract.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

121.    Additionally and alternatively, the Parties lacked a meeting of the minds at the time they entered into the 2001 Agreement and, therefore, the 2001 Agreement is not a valid or enforceable contract.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

122.    Additionally and alternatively, Plaintiff's contractual assent to the 2001 Agreement was coerced in violation of Defendant's fiduciary obligations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

123.    Additionally and alternatively, Plaintiff entered into the 2001 Agreement under economic coercion and/or duress.

## THIRTIETH AFFIRMATIVE DEFENSE

124.    Additionally and alternatively, Defendant fraudulently induced Plaintiff to enter into the 2001 Agreement.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

125.    Additionally and alternatively, the 2001 Agreement was (and still is) premised upon a fraud and, therefore, is void, voidable and/or unenforceable.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

126.    Additionally and alternatively, the 2001 Agreement is illegal because it is void, voidable and/or unenforceable by statute or public policy.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

127.    Additionally and alternatively, the 2001 Agreement is void, voidable and/or unenforceable as a matter of public policy.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

128.    Additionally and alternatively, the 2001 Agreement is unconscionable and, therefore, void, voidable and/or unenforceable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

129.    Additionally and alternatively, the 2001 Agreement was entered into upon a breach of fiduciary duty and is, therefore, void, voidable and/or unenforceable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

130.    Additionally and alternatively, the 2001 Agreement was entered into upon a conflict of interest and is, therefore, void, voidable and/or unenforceable.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

131.    Additionally and alternatively, the statute of frauds bars enforcement of the 2001 Agreement.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

132.    Additionally and alternatively, Defendant has not performed all conditions precedent that it was required to perform before filing suit.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

133.    Additionally and alternatively, Defendant's counterclaims are barred by Defendant's own breach of the 2001 Agreement.

### FORTIETH AFFIRMATIVE DEFENSE

134.    Additionally and alternatively, Defendant's counterclaims are barred by Defendant's anticipatory repudiation of the 2001 Agreement.

### FORTY-FIRST AFFIRMATIVE DEFENSE

135.    Additionally and alternatively, Defendant's counterclaims are barred by Defendant's breach of the implied covenant of good faith and fair dealing for the 2001 Agreement.

### FORTY-SECOND AFFIRMATIVE DEFENSE

136.    Additionally and alternatively, Defendant is estopped from suing on the 2001 Agreement.

## FORTY-THIRD AFFIRMATIVE DEFENSE

137.    Additionally and alternatively, Defendant waived his right to sue on the 2001 Agreement.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

138.    Additionally and alternatively, Defendant has failed to plead grounds for cancellation of trademark registration with particularity pursuant to FED. R. CIV. P. 9(b).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

139.    Additionally and alternatively, Defendant does not have priority in adoption and use of the Mark.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

140.    Additionally and alternatively, Defendant has abandoned the Mark.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

141.    Additionally and alternatively, Defendant's counterclaims are barred, in whole or in party, by the doctrines of laches, waiver and/or estopppel.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

142.    Additionally and alternatively, Defendant's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## FORTY-NINTH AFFIRMATIVE DEFENSE

143.    Additionally and alternatively, Defendant's prayer for an award of sanctions against Plaintiff and his counsel of record are unwarranted, without merit and asserted in a procedurally improper manner.

### III.    PRAYER

WHEREFORE, Plaintiff prays that the Court find in its favor and enter judgment that Defendant take nothing, dismiss Defendant's countersuit with prejudice, assess costs against Defendant, and award Plaintiff all other relief the Court may deem just and proper.

Dated: November 27, 2007

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By:    */s/ Emilio Nicolas* _____
Stacy Allen
Lawrence A. Waks
Daniel Scardino*
Emilio B. Nicolas
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Tel.: (512) 236-2000
Fax.: (512) 236-2002
Email: lwaks@jw.com, stacyallen@jw.com,
dscardino@jw.com, enicolas@jw.com

ATTORNEYS FOR BRIAN RITCHIE,
individually and d/b/a VIOLENT FEMMES

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2007, I electronically filed the foregoing document with the Clerk of the Court in accordance with the Federal Rules of Civl Procedure Rule 5(e), filed in compliance with the Local Civil Rule 5.2 of the Southern District of New York by using CM/ECF system which will send notification of such filing to the following counsel of record. A true and correct copy of the foregoing document was also served via certified mail, return receipt requested, upon the following counsel of record:

MELONI & MCCAFFREY, P.C.
Robert S. Meloni
Thomas P. McCaffrey
1350 Avenue of the Americas, Suite 3100
New York, New York 10019

ATTORNEYS FOR GORDON GANO,
individually and d/b/a GORNO MUSIC
a/k/a GORNO MUSIC (ASCAP) a/k/a
GORNO MUSIC PUBLISHING

/s/ *Emilio Nicolas*
Emilio B. Nicolas

15