# MELONI & McCAFFREY, P.C.
ATTORNEYS AT LAW
1350 Avenue of the Americas
Suite 3100
New York, N.Y. 10019
Facsimile: (800)659-3985
www.m2law.net

ROBERT S. MELONI
THOMAS P. MCCAFFREY

Writer's Direct Telephone: (212) 957-5577
Writer's Email: R.Meloni@m2law.net

November 30, 2007

**BY FEDERAL EXPRESS**

Honorable Victor Marrero
United States District Court
500 Pearl Street
Room 660
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-07
```

Re: *Ritchie v. Gano, et al.*, 07 Civ. 7269 (VM)

Dear Judge Marrero:

     We represent Gordon Gano, who is named, individually and by his "d/b/a"s, as the defendant in the above referenced action. This letter is submitted in compliance with Rules II A and B of the Court's Individual Practices to request a pre-motion conference in the above referenced action at which Gano will seek permission to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c), and for leave to serve a brief that exceeds 25 pages in length.

Basis for Motion

     Plaintiff has served a 28 page Complaint, with another 32 pages of exhibits, that includes 22 separate counts spread out over 119 paragraphs and which encompasses the parties' 26 plus year relationship as members of the band "Violent Femmes." At issue are the ownership rights of the parties in (i) the copyrights in the sound recordings and musical compositions created in the band's early years together, (ii) the trademark in the name "Violent Femmes", and (iii) a purported trademark in at least one of the sound recordings. Also at issue is the viability of a contract, that resolves virtually all of Plaintiff's purported claims, entered into by the parties on April 20, 2001, over six years before Plaintiff filed his Complaint ("2001 Agreement"). Last, but not the least important issue to be addressed, is the mutual, general release, executed by the parties as part of a second comprehensive agreement entered into on April 1, 2002 ("2002 Agreement"), which operates as a complete bar most of Plaintiff's claims. The 2002 Agreement, *inter alia*, also

Hon. Victor Marrero
November 30, 2007
Page 2

ratified the relevant terms of the 2001 Agreement and barred Plaintiff from registering the trademark "Violent Femmes" without Gano's prior written consent.

Our proposed motion will establish numerous bases for the dismissal of this Complaint. In the first instance, the copyrights in the sound recordings for which Plaintiff seeks a declaration of co-ownership are owned by third parties who are not parties to this action, but are indispensable to a resolution of those claims. Thus, Plaintiff must join those parties as defendants, dismiss those claims, or have the case dismissed in its entirety under Fed. R. Civ. P. 19(b). The remaining copyright, trademark and state law claims are either irrevocably barred by the general release, the statute of limitations, laches, estoppel and/or for failing to state a cause of action as a matter of law. Finally, with the dismissal of the purported federal claims, the Court should exercise its discretion, deny supplemental jurisdiction and dismiss whatever purported state law claims, if any, that survive the aforementioned hurdles.

Our request for an exception to the 25 page limit for Defendant's moving brief is engendered by the multitude of counts, some including sub-parts, which Plaintiff has asserted and therefore must be addressed in the motion. We believe a ten page extension will allow us to fully brief the relevant issues.

We remain readily available for either a telephone or in-person conference at the Court's convenience.

Respectfully submitted,

MELONI & McCAFFREY, P.C.

By: _____
Robert S. Meloni

cc: Lawrence A. Waks, Esq. (*via* Email)

---

Request GRANTED. A status conference herein is scheduled for 12-14-07 at 4:00 p.m. to address the matter described above by defendant. No motion shall be filed until after such conference.
SO ORDERED.

12-4-07
DATE        VICTOR MARRERO, U.S.D.J.