

**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Stacy Allen
(512) 236-2090 (Direct Dial)
(512) 391-2102 (Direct Fax)
stacyallen@jw.com

December 21, 2007

**By E-mail and Facsimile**

Robert Meloni, Esq.
Meloni & McCaffrey, P.C.
1350 Avenue of the Americas
Suite 3100
New York, New York 10019

Re: Federal Rules of Civil Procedure 26(f) teleconference held on December 20, 2007 for the case styled *Brian Ritchie, individually and d/b/a Violent Femmes v. Gordon Gano, individually and d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing*, No. 07-CV-7269, in the United States District Court for the Southern District of New York.

Dear Mr. Meloni:

I am writing to document specific issues of concern that were raised and/or addressed during our December 20, 2007 Rule 26(f) conference:

(1) Your refusal to provide us with more detail as to the motions you intend to discuss at our January 4, 2008 pre-trial conference with the Court, directing us instead to your November 30, 2007 letter to the Court.

(2) Your intent to ask the Court at our January 4, 2008 pre-trial conference to bifurcate the lawsuit, a matter that was not brought to our attention until our Rule 26(f) conference and not raised in your November 30, 2007 letter to the Court.

(3) Your representation that we must obtain all documents and records relevant to this case from Alan Skiena, Esq., a third-party, because neither you nor the Defendant have such documents or records in your possession.

(4) Your intent to seek a stay of discovery in this case with regard to, at the very least, the books and records of account that are at issue.

In addition to the foregoing, we also raised the issue that you may be required to withdraw from your representation of the Defendant in this case because, as the primary drafter and negotiator for the 2001 and 2002 Agreements, you are likely to be a material witness. You refused to engage in any substantive discussion of the issue or explain why our initial analysis is incorrect. At this time, we are still open to discussion of the matter, but the time for such

EXHIBIT AA

Robert Meloni, Esq.
December 21, 2007
Page 2

---

discussion is short because we believe we must address the issue with the Court at or before our January 4, 2008 conference.

Pursuant to Federal Rules of Civil Procedure 26(a)(1), we must provide each other with our initial disclosures by January 3, 2008 (or 14 days after December 20, 2007, the date of our Rule 26(f) conference). In light of the information you disclosed during our Rule 26(f) conference, we expect to receive at least the following information and documents (going back to *at least* January 1, 2001) from you and/or Defendant *as part of* Defendant's Rule 26(a)(1) initial disclosures:

- The name and, if known, the address and telephone number of each individual likely to have discoverable information concerning this case (including, without limitation, anyone involved with or having an interest in the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue).

- A copy of, or a description by category and location of, all documents in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue (including, without limitation, formal and informal agreements, formal and informal books and records of account, letter, e-mail or facsimile correspondence, and any drafts, notes or amendments thereof).

- A copy of, or a description by category and location of, all electronically stored information in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue (including, without limitation, formal and informal agreements, formal and informal books and records of account, letter or facsimile correspondence, e-mails, spreadsheets, computer and data files, and any drafts, notes or amendments thereof).

- A copy of, or a description by category and location of, all tangible things in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue.

- A computation of any category of damages claimed by the Defendant in his Counterclaims (including damages claimed by the Defendant for the alleged breach of the 2002 Agreement).

- A copy of, or a description by category and location of, all documents, electronically stored information and tangible things in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning what you reported was Alan Skiena's "oral agreement" with the Defendant

Robert Meloni, Esq.
December 21, 2007
Page 3

---

for a 10% commission for the administration of the musical compositions or sound recordings at issue, and any drafts, notes or amendments thereof.

- A copy of, or a description by category and location of, all documents, electronically stored information and tangible things in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning Alan Skiena's "internal", "annual" accounting statements and spreadsheets for the musical compositions or sound recordings at issue, and any drafts, notes or amendments thereof.

To summarize, it is our position that this case is amenable to quick resolution through settlement. To engage in meaningful settlement negotiations, however, we require a full disclosure of the long-requested books and records of account and agreements (licensing or otherwise) concerning the musical compositions and sound recordings at issue. Further resistance by you, your client and his representatives is counter-productive. We doubt that the Court will be persuaded to stay discovery of such obviously relevant evidence by the pendency of your contemplated Rule 12(c) motion, and urge you to reconsider your position and put an end to the stonewalling that has previously characterized your client's responses to Plaintiff's request for such information.

As I stated when advising you of our concerns about your continued participation as counsel of record in this case, we would prefer to avoid having to bring a formal motion to disqualify you and your firm, and ask that you consider withdrawing voluntarily or cite us to facts and/or legal authority that would permit you to continue in that capacity.

Please contact us if you have any questions.

Sincerely,

Stacy Allen

cc: Lawrence A. Waks
Daniel Scardino
Emilio B. Nicolas

**MELONI & McCAFFREY, P.C.**
ATTORNEYS AT LAW
1350 Avenue of the Americas
Suite 3100
New York, N.Y. 10019
Facsimile: (800)659-3985
www.m2law.net

ROBERT S. MELONI
THOMAS P. MCCAFFREY

Writer's Direct Telephone: (212) 957-5577
Writer's Email: R.Meloni@m2law.net

December 27, 2007

**VIA FEDERAL EXPRESS & EMAIL**

Stacey Allen, Esq.
Jackson Walker L.L.P.
100 Congress Avenue
Suite 1100
Austin, TX 78701

    Re:    **Brian Ritchie v. Gordon Gano, 07 cv 7269 (VM).**

Dear Ms. Allen:

    We are writing in response to your letter dated December 21, 2007 concerning the above referenced action.

    We reject your mischaracterization of our client's position as "stonewalling." Your client has filed what we consider to be a frivolous lawsuit against Mr. Gano, which we intend to establish through our proposed motion to dismiss. As I advised in my email of November 30 to Daniel Scardino and Larry Waks, in light of our proposed motion to dismiss, we intend to request a stay of the automatic disclosure required by Rule 26(a)(1) on the grounds that the complaint is so clearly deficient as to justify dismissal pursuant to Fed.R.Civ.P. 12(c), and concomitantly, that proceeding with automatic disclosure, as well as other discovery, before resolution of the motion to dismiss, would impose unnecessary expense on our client. In light of the foregoing, we have no intention of capitulating to your burdensome attempt to force Mr. Gano to provide you with unwarranted discovery at this stage of proceedings, unless of course, the Court orders us to do so.

    Your letter concedes that, as a result of our November 30, 2007 letter to the Court and the Rule 26 discovery conference on December 20, 2007, you are on notice that Defendant has requested the January 4, 2008 pre-motion conference as a procedural precursor to filing a dispositive motion seeking total dismissal of the case. In addition, as a result of our objections raised in my November 30 email and during our December 20th conference, you are also on notice that Defendant will seek to stay *all discovery* pending the resolution of the dispositive motion to dismiss. Finally, you concede that we also notified you during the discovery conference that, should the Court grant anything less than a full dismissal of the action, Defendant will also seek to bifurcate the case, so that Plaintiff will have to first

Stacy Allen, Esq.
December 27, 2007
Page 2

---

establish liability before any discovery concerning damages will proceed.

Despite the above, your office invokes Rule 26 as a basis to obtain disclosure of financial information you would not otherwise be entitled to should the sought after stay and/or bifurcation be imposed and/or the proposed motion to dismiss be successful. Moreover, you demand that we provide you with all of the information no later than January 3, 2008, despite the fact that during the December 20th conference we objected to providing the documents you seek as part of the initial disclosures or in response to any discovery requests pending the resolution of the motion to dismiss.

Rule 26 provides in relevant part:

(C) *Time for Initial Disclosures--In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, *or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.* In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

We hereby confirm our objection to providing you with any discovery at this time in Defendant's accompanying proposed Rule 16 discovery plan. We will await the Judge's ruling on our objection.

I also advised you that any files bearing on the ownership of the masters (as well as anything else regarding the band's business activities), including the recording artist agreements between the band and the non-party record companies that claim copyright ownership of the masters, are in the possession of the band's attorney, Jeffery Light. I copied Daniel Scardino and Larry Waks on the email communications between me and Mr. Light in early December. You were on notice at that time, and reminded during our December 20 call, that Mr. Light agreed to provide either or both parties with whatever files they requested, subject to each party paying for the copying costs of same. The furnishing of these files are not "discovery," and are not being offered pursuant to any discovery demand, since they belong to the parties, and are within their possession, custody and control, as Mr. Light was counsel to both parties and has volunteered to give the parties what are really their own files. We rejected your demand that such copying costs are "band expenses" since such costs have nothing to do with band activities.

We also reject your demand that we further elaborate on the basis of our proposed motion, as it is not required under the FRCP or the Court's individual rules. All that was required was that we "send a letter to the Court concisely describing the basis for the proposed motion and requesting a pre-motion conference." *See* Judge Marrero's individual rule 12. Our November 30th letter clearly and concisely sets forth the basis of our motion as follows:

> In the first instance, the copyrights in the sound recordings for which Plaintiff seeks a declaration of co-ownership are owned by third parties who are not parties to this action, but are indispensable to a resolution of those claims. Thus, Plaintiff must join those parties as defendants, dismiss those claims, or have the case dismissed in its entirety under Fed. R. Civ. P. 19(b). The remaining copyright, trademark and state law claims are either irrevocably barred by the general release, the statute of limitations, laches, estoppel and/or for failing to state a cause of action as a

Stacy Allen, Esq.
December 27, 2007
Page 3

matter of law. Finally, with the dismissal of the purported federal claims, the Court should exercise its discretion, deny supplemental jurisdiction and dismiss whatever purported state law claims, if any, that survive the aforementioned hurdles.

In any event, the proposed inserts to the Joint Letter to the Court, submitted on behalf of my client, which I include with this letter, provides further detail about the basis of our proposed motion.

In addition, during our conference we explained how your client is fully aware that the copyrights in the most of the master recordings to which your client has claimed a copyright co-ownership interest are actually owned by third parties, including Slash Records/Warner Records, Left Bank Records, Inc. d.b.a. Beyond Music/Universal Music & Video Distribution Corporation and Elektra Entertainment, and that your client had signed agreements acknowledging the assignment of such ownership interests to those record companies, or that they were works for hire. The information concerning the claimants to the Violent Femmes recordings are also publicly available on the U.S. Copyright Office's website (http://www.copyright.gov). As Mr. Ritchie's counsel, it was your obligation under Fed. R. Civ. P. 11 to investigate these facts before filing your action and include these parties as defendants under Rule 19(b), or face dismissal of the action. Your filing of such co-ownership claims, coupled with the fact that you have been reminded at least three times (including in our Answer and pre-motion letter) of these facts, as well as your failure to investigate even after you were placed on such notice by requesting copies of the relevant agreements from Mr. Light or the U.S. Copyright Office, and the continued refusal to withdraw those claims (thus necessitating our motion under Rule 19(b)), exposes not only your client, but your firm, to the possibility of sanctions under Rule 11.

With respect to the remaining numerous substantive bases for dismissal set forth in the letter, we have no obligation to further disclose the blueprint to our motion prior to the filing of the same, until requested to do so by the Court at the January 4th conference.

Finally, your threatened motion to disqualify me as counsel of record on the basis that I may be called upon as a witness to testify in this case is a heavy-handed litigation tactic that has no basis under the law of this Circuit. Instead of simply filing the motion, or providing me with the basis for it during our call, you improperly demanded that I provide you with a basis for you *not* filing a motion that I have not even seen. It is telling that, despite your client, and presumably you, being fully aware of my participation in the negotiations concerning the 2001 and 2002 Agreements, you did not raise this issue at the time you requested that I accept service of the Complaint on behalf of Mr. Gano, or indeed, at any time afterward until the December 20th conference. Further, any issues regarding the negotiations of the 2001 and 2002 Agreements are hardly "material" to any of the issues or claims in this lawsuit. Any testimony I might provide, if asked to do so, would be cumulative, as there are at least five fact witnesses that conceivably could speak to the circumstances leading up to the execution of those agreements, including Messrs. Ritchie and Gano, the band's former personal manager Jamie Kitman, their former business manager Howard Comart, and the band's former road manager. In any event, there has been no allegation made concerning the meaning or import of those agreements, nor any allegation that they are so ambiguous as to the relevant provisions requiring the introduction of parole evidence. Your client's claim that he was coerced into signing the 2001 Agreement is frivolous. He was also adequately represented by Jeffrey Jacobson, an experienced music business attorney. Finally, even if I were to be called as a witness to testify, my firm, through my partner, Thomas McCaffrey, would be allowed to continue as counsel of record on behalf of Defendant. See e.g., *Gandler v. Nazarov,* 1994

Stacy Allen, Esq.
December 27, 2007
Page 4

---

WL 702004 (S.D.N.Y. Dec. 14, 1994).

    To summarize, we believe that this action is a frivolous attempt by your client to have the Court revise agreements that your client voluntarily negotiated and executed with the able assistance of counsel of his own choosing. Mr. Gano has no intention of being extorted into settling. We can resolve the aforementioned issues on January 4th.

                              Sincerely,

                              MELONI & McCAFFREY, P.C.

                              By:_____
                                   Robert S. Meloni

Enclosure
cc:  Gordon Gano
      Thomas McCaffrey, Esq.
      Daniel Scardino, Esq. (by email)



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Emilio B. Nicolas
(512) 236-2304 (Direct Dial)
(512) 391-2127 (Direct Fax)
enicolas@jw.com

January 24, 2008

**BY FEDERAL EXPRESS AND EMAIL**

Robert S. Meloni
Meloni & McCaffrey, P.C.
1350 Avenue of the Americas
Suite 3100
New York, New York 10019

    RE:    Letter dated January 24, 2008 concerning *Brian Ritchie, individually and d/b/a Violent Femmes v. Gordon Gano, individually and d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing*, No. 07-CV-7269, in the United States District Court for the Southern District of New York.

Dear Mr. Meloni:

This responds to your astonishing letter of January 24, 2008 (the "Letter").

Apparently, you have reconsidered your earlier decision to step aside as lead counsel in favor of your partner, Thomas McCaffrey, in response to our concerns that you cannot represent Mr. Gano in this case, having yourself drafted and negotiated the very alleged agreements on which Mr. Gano now relies for his defense. Since Mr. McCaffrey's appearance without you before the Court at the January 4, 2008 conference, you have reversed course and re-emerged by signing Defendant's Rule 26(a) initial disclosures and the Letter, thereby confirming your continued active involvement in your firm's representation of Mr. Gano in this case, despite appearances to the contrary. The second paragraph of the Letter, which is replete with first-person references to yourself, is particularly revealing in this regard. When viewed in that context, your irresponsible threat to manufacture a disqualifying conflict by speciously naming this firm as an additional defendant can be seen for what it is – a tactical and bad faith attempt to distract the Court from the facts which likely require you and your firm's removal as counsel of record for Mr. Gano, and which are the subject of pending discovery.

Equally unconvincing is your strained attempt to mischaracterize the content of the Notice, which speaks for itself. The Notice makes no characterization of the merits of the parties' competing claims and makes no reference to any injunction or order, nor does it seek to divert payments from Mr. Gano to our client. Instead, it simply gives notice of the lawsuit, requests cessation of further payments to *"anyone"* (emphasis in original), and further requests that such payments be placed in escrow while the case is pending. The fact that a responding written confirmation could be used to advise the Court of the status of these contested funds is hardly controversial. It is our understanding that such letters to third-party payors are customary

Robert S. Meloni
January 24, 2008
Page 2

---

in cases like this. Should you or your client wish to contact these third parties to communicate your own position, you are of course free to do so.

Regarding your demand for documents, we will consider the same upon receipt of a proper discovery request.

Very truly yours,

Emilio B. Nicolas

cc:  Thomas P. McCaffrey
     Meloni & McCaffrey, P.C.
     1350 Avenue of the Americas
     Suite 3100
     New York, New York 10019

     Lawrence A. Waks (Firm)

     Stacy Allen (Firm)

**From:** Robert Meloni [mailto:R.Meloni@m2law.net]
**Sent:** Friday, January 25, 2008 10:38 AM
**To:** Nicolas, Emilio
**Cc:** Thomas McCaffrey; Allen, Stacy
**Subject:** Ritchie v Gano

Dear Mr. Nicolas:

I received your attached response to my letter dated January 24.

Your attempt to raise the disqualification issue now is an ineffective invocation of the "best defense is a good offense" strategy, since you obviously recognize how your own actions in sending out the "Notice" letters has placed your firm's continued involvement in this lawsuit in jeopardy. Unlike the "advocate as witness argument" you have contrived in my situation, your firm's potential involvement as a defendant raises conflict issues that cannot be easily excused.

First, I never made a "decision to step aside as lead counsel in favor of [my] partner." To the contrary, I was quite clear during our Rule 26 conference that your threat to move to disqualify me was specious, at best. I told you my firm was then, and would remain, Mr. Gano's counsel. That includes both me and Tom McCaffrey. Please refer to the Joint Letter to Judge Marrero dated December 28, at page 7, for further details. Now, you've twisted a citation we made to *Gandler v Nazarov*, and I think did so knowingly. That case stands for the proposition that *assuming* a party moves to disqualify an attorney, and *assuming* the court granted that motion, his/her law partner should be able to continue as lead counsel. As you well know, you wisely not did not so move. Mr. McCaffrey's appearance at the January 4th conference was no concession on my part, as he explained to Mr. Allen and you before the conference. My absence that day was solely a result of child scheduling issues caused by my recent divorce, and indeed, Mr. Allen empathized with my situation, having just gone through a similar situation. Also, at the January 4th conference, while Mr. Allen brought up the point that I was involved with the negotiation of the 2001 and 2002 agreements, he never pursued the withdrawal issue with the Judge, who specifically asked Messrs. Allen and McCaffrey if there were any other issues to discuss. Thus, the disqualification issue is not only without merit, but moot.

Turning to your Notice letters, it simply is not good enough to say "everyone does it". Your so-called "understanding" is a day late and a dollar short. A "notice" letter sent during a pending litigation to non-parties parties with whom a party has executory contracts is not customary. Even worse, misleading those non-parties about what the District Court requires to be informed about, or is likely to be informed about, is, as I said in my January 24 letter, a demand that those third parties breach their agreements with my client with the clear implication that upon their failure to do so, they will be in violation of some Court mandate.

Moreover, the fact that you have also interfered with contracts between the recipients of your letters and parties other than Mr. Gano (*i.e.*, you demand the cessation of payments to "anyone"), only makes matters worse for you. "Anyone" not only includes my client, but other co-writers and co-publishers of the musical compositions at issue.

There is no conceivable reason for you, or anyone else, to "advise the Court of the status of these contested funds". For one, the Court has neither asked to be so informed, and you are not required to so inform the Court. Also, the funds are not "contested." No one has made a claim about any non-party's accounting practices. Your client wants a monetary recovery from my client, and is not seeking payment (nor could he) from non-parties. Further, your Notice letter is equivalent to a unilateral attempt at self-help to achieve the same result as the provisional remedy of attachment without the legitimacy of proceeding before the Court. Only the Court can grant that remedy, and I will have to assume that you already know that. Moreover, the Courts in New York, at least, would never entertain a motion to freeze such funds during a pending lawsuit. Thus, your feeble attempt to now deny the clear import and effect of your

Notice letters does nothing to eradicate the evidence of your disregard, and disrespect, for the authority of the Court.

Thus, I will assume you will not comply with the demands set out in my January 24 letter, and I will now act accordingly.

Finally, Gano's Document Demand already requires you to produce all copies of the Notice letters, and any responses you received (or will receive), or any Documents "relating to" the foregoing. There is simply no need for me to send a demand targeted to those specific documents when a more general demand is already in place. Demand No 1 already requires their production: "*All documents concerning communications between You and any Person relating to the allegations and/or subject matter of the Complaint.*" For the avoidance of doubt, your Notice letters refer in several instances to the Complaint, the action, and the subject matter of the action. It even included a copy of the Complaint. The Definition of "You" refers to "*Brian Ritchie, as well as his....attorneys.... and all other persons acting or purporting to act on his behalf.*" The Definition of "Documents" includes any ESI, including any drafts of the Notice letters or non-privileged documents relating to the Notice letters in ESI formats. Rule 26(e) and Instruction No. 26 imposes a continuing obligation to produce documents discovered or created after the date of our Demands ("*Each request shall be construed to impose upon You the continuing duty to supplement or correct each response, in accordance with Federal Rules of Civil Procedure 26(e) and the Local Rules of this Court, in the event that information bearing upon the request is subsequently discovered.*").

If you are refusing to comply with Demand No. 1 as it relates to the Notices and related Documents, I need to know now, so I can bring it to the attention of the Magistrate Judge designated by Judge Marrero to oversee discovery disputes.

*-Robert S. Meloni*

---

**MELONI & MCCAFFREY, P.C.**
1350 Avenue of the Americas |Suite 3100
New York, New York 10019
*(t)* (212) 957-5577
*(m)* (917) 331-9556
*(f)* (800) 659-3985
*www.m2law.net*

---

NOTICE: The information in this Internet e-mail, which includes this e-mail message and any attachments, is attorney client privileged and/or confidential information. The information contained in this message is intended only for the use of the individual or entity named above. Access to this Internet e-mail by anyone else is unauthorized. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone or by e-mail and delete this e-mail from your system. Receipt by anyone other than the intended recipient is not a waiver of any attorney/client privilege or work product privilege.