# EPSTEIN, LEVINSOHN, BODINE, HURWITZ & WEINSTEIN, LLP

ATTORNEYS AT LAW
1790 BROADWAY
NEW YORK, NEW YORK 10019-1412
TELEPHONE: 212 262 1000
FACSIMILE: 212 262 5022

ROBERT J. EPSTEIN
MARK A. LEVINSOHN
SUSAN H. BODINE
ANDREW P. HURWITZ
JOEL H. WEINSTEIN
JAMES D. ARNAY
ALISON S. COHEN
ANDREA F. CANNISTRACI

BENJAMIN C. FELDMAN
ALAN N. SKIENA
MICHAEL P. OVERN
NATALIE D. STANFORD
MATTHEW L. FINKELSTEIN
JOSHUA M. SANDLER
ALAN D. SACKS
HAMISH R. BERRY

DIRECT E MAIL:
ASKIENA@ENTLAWFIRM COM

March 6, 2007

<u>Via E-mail and Regular Mail</u>

Daniel Scardino, Esq.
Jackson Walker L.L.P.
100 Congress Avenue
Suite 1100
Austin, Texas 78701

Re:    <u>Brian Ritchie</u>

Dear Mr. Scardino:

I am in receipt of your letter dated February 16, 2007. Based on your comment that your letter represents a "prelitigation demand," I must assume that you believe Mr. Ritchie has legal claims against me. I must also assume that you are anticipating commencing litigation based on those claims. I am responding to your letter only in those contexts.

Simply stated, your letter contains clear misstatements of fact and erroneous conclusions of law. Before this matter goes any further, I should attempt to disabuse you of the notions which might form the basis of your mistaken belief that Mr. Ritchie has cognizable claims against me.

I have never been Mr. Ritchie's attorney and do not represent him now.

I do not represent the band known as Violent Femmes. I believe Violent Femmes has had the same counsel for many years and believe that firm is based in Los Angeles. It is also my belief that, at most times, each of the individual members of Violent Femmes has had his own legal counsel.

I do not exert possession or control over funds generated by the activities of Violent Femmes (e. g. record royalties, personal appearance fees, merchandising income, sponsorship income or the like), and am not involved in any way with the distribution of such funds. Insofar as I am aware, all Violent Femmes income streams are administered and handled by one or more accounting firm(s) operating from New York and/or New Jersey.

EXHIBIT
BB

Daniel Scardino, Esq.
March 6, 2007
Page 2

I do not represent any members of Violent Femmes other than Gordon Gano. The only person I represent having anything to do with Violent Femmes is Mr. Gano. I assume the issues at the core of your correspondence with me are Mr. Ritchie's interests in certain musical compositions owned by Mr. Gano's music publishing company, Gorno Music. Insofar as I am aware, Mr. Ritchie's interests in such musical compositions are limited to the following: (i) his co-ownership interest (self-administered by Mr. Ritchie or third parties engaged by him) in a small number of compositions to which Mr. Ritchie contributed as a co-writer and which were recorded by Violent Femmes; (ii) Mr. Ritchie's passive writing interest in a lesser-known composition owned by Gorno Music titled "Vancouver"; and (iii) Mr. Ritchie's passive income interest in certain income generated by compositions owned by Mr. Gano, which interest was confirmed in a 2001 agreement between Mr. Gano and Mr. Ritchie. [I should point out two matters of note in relation to that agreement. Firstly, I represented neither Mr. Gano nor Mr. Ritchie in the negotiation of that agreement. Mr. Gano was represented by an attorney named Robert Meloni. Mr. Ritchie was, insofar as I am aware, represented by an attorney named Jeffrey Jacobson. Secondly, though I have come to learn that Paragraph 7 of that 2001 agreement apparently avers that I perform publishing administration services for Mr. Gano and Mr. Ritchie, that statement was and is an error. I do not now have, nor have I ever had, a contractual relationship of any kind with Mr. Ritchie to perform publishing administration services on his behalf and have never performed such services on his behalf.]

If a fiduciary relationship exists at all between myself and any third parties related to this matter, that relationship exists only between Mr. Gano and me. And even then, that relationship arises only as a function of my legal representation of Mr. Gano and does not arise by virtue of the publishing administration services I provide on his company's behalf. It is well settled that in the absence of special circumstances, no fiduciary relationship exists between a music publisher/administrator and a composer as matter of law. *See, e.g.*, Rodgers v. Roulette Records, Inc., 677 F.Supp. 731, 738 39 (S.D.N.Y. 1988) (finding that a royalty agreement was solely contractual in nature and created no fiduciary relationship between the parties); Mellencamp v. Riva Music Ltd., 698 F.Supp. 1154, 1159 60 (S.D.N.Y. 1988) (finding as a matter of law that the relationship between composer and publisher is governed by contract principles and that no fiduciary relationship exists).

Since I have neither a contractual nor fiduciary relationship with Mr. Ritchie, the information provided above should be sufficient to bring our correspondence and this matter to a close. Since no such relationships exist, the assertion of claims against me by Mr. Ritchie is wholly without merit.

I acknowledge that Mr. Ritchie and Mr. Halbreich have requested information and materials from me in relation to Mr. Ritchie's contractual relationship with Mr. Gano. I have previously communicated directly with Mr. Ritchie concerning Mr. Gano's position regarding those requests. Insofar as I am aware, that position has not changed. Should you wish to see my correspondence with Mr. Ritchie, you may obtain it directly from him.

Daniel Scardino, Esq.
March 6, 2007
Page 3

I cannot prevent Mr. Ritchie from commencing litigation against me. Be advised, however, that *any* litigation initiated by Mr. Ritchie against me would be predicated on false assumptions and inaccurate information. You have now been provided with accurate information. I assure you that I will vigorously defend any actions initiated by or on behalf of Mr. Ritchie. Any activities on your part to aid Mr. Ritchie in the pursuit of groundless claims against me would be patently and objectively unreasonable and frivolous. Accordingly, you may rest assured that among other remedies available to me, I will pursue sanctions against you and/or any other attorney who files litigation against me in relation to these matters.

Please be guided accordingly.

Nothing herein contained shall be deemed a waiver of any of my rights, claims and/or remedies, each of which is hereby expressly reserved without limitation or exception. Furthermore, nothing contained herein shall be deemed to be an exhaustive recitation of all facts pertaining to this matter.

Very truly yours,

Alan N. Skiena