

**JACKSON WALKER L.L.P.**

ATTORNEYS & COUNSELORS

Stacy Allen
(512) 236-2090 (Direct Dial)
(512) 391-2102 (Direct Fax)
stacyallen@jw.com

December 21, 2007

**By E-mail and Facsimile**

Robert Meloni, Esq.
Meloni & McCaffrey, P.C.
1350 Avenue of the Americas
Suite 3100
New York, New York 10019

Re: Federal Rules of Civil Procedure 26(f) teleconference held on December 20, 2007 for the case styled *Brian Ritchie, individually and d/b/a Violent Femmes v. Gordon Gano, individually and d/b/a Gorno Music a/k/a Gorno Music (ASCAP) a/k/a Gorno Music Publishing*, No. 07-CV-7269, in the United States District Court for the Southern District of New York.

Dear Mr. Meloni:

I am writing to document specific issues of concern that were raised and/or addressed during our December 20, 2007 Rule 26(f) conference:

(1)    Your refusal to provide us with more detail as to the motions you intend to discuss at our January 4, 2008 pre-trial conference with the Court, directing us instead to your November 30, 2007 letter to the Court.

(2)    Your intent to ask the Court at our January 4, 2008 pre-trial conference to bifurcate the lawsuit, a matter that was not brought to our attention until our Rule 26(f) conference and not raised in your November 30, 2007 letter to the Court.

(3)    Your representation that we must obtain all documents and records relevant to this case from Alan Skiena, Esq., a third-party, because neither you nor the Defendant have such documents or records in your possession.

(4)    Your intent to seek a stay of discovery in this case with regard to, at the very least, the books and records of account that are at issue.

In addition to the foregoing, we also raised the issue that you may be required to withdraw from your representation of the Defendant in this case because, as the primary drafter and negotiator for the 2001 and 2002 Agreements, you are likely to be a material witness. You refused to engage in any substantive discussion of the issue or explain why our initial analysis is incorrect. At this time, we are still open to discussion of the matter, but the time for such

**EXHIBIT**
2

Robert Meloni, Esq.
December 21, 2007
Page 2

---

discussion is short because we believe we must address the issue with the Court at or before our January 4, 2008 conference.

Pursuant to Federal Rules of Civil Procedure 26(a)(1), we must provide each other with our initial disclosures by January 3, 2008 (or 14 days after December 20, 2007, the date of our Rule 26(f) conference).   In light of the information you disclosed during our Rule 26(f) conference, we expect to receive at least the following information and documents (going back to *at least* January 1, 2001) from you and/or Defendant *as part of* Defendant's Rule 26(a)(1) initial disclosures:

- The name and, if known, the address and telephone number of each individual likely to have discoverable information concerning this case (including, without limitation, anyone involved with or having an interest in the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue).

- A copy of, or a description by category and location of, all documents in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue (including, without limitation, formal and informal agreements, formal and informal books and records of account, letter, e-mail or facsimile correspondence, and any drafts, notes or amendments thereof).

- A copy of, or a description by category and location of, all electronically stored information in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue (including, without limitation, formal and informal agreements, formal and informal books and records of account, letter or facsimile correspondence, e-mails, spreadsheets, computer and data files, and any drafts, notes or amendments thereof).

- A copy of, or a description by category and location of, all tangible things in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning the ownership, administration, sale, licensing or other exploitation of the musical compositions or sound recordings at issue.

- A computation of any category of damages claimed by the Defendant in his Counterclaims (including damages claimed by the Defendant for the alleged breach of the 2002 Agreement).

- A copy of, or a description by category and location of, all documents, electronically stored information and tangible things in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning what you reported was Alan Skiena's "oral agreement" with the Defendant

Robert Meloni, Esq.
December 21, 2007
Page 3

for a 10% commission for the administration of the musical compositions or sound recordings at issue, and any drafts, notes or amendments thereof.

- A copy of, or a description by category and location of, all documents, electronically stored information and tangible things in the possession, custody or control of the Defendant or his representatives – including, without limitation, you and Alan Skiena – concerning Alan Skiena's "internal", "annual" accounting statements and spreadsheets for the musical compositions or sound recordings at issue, and any drafts, notes or amendments thereof.

To summarize, it is our position that this case is amenable to quick resolution through settlement. To engage in meaningful settlement negotiations, however, we require a full disclosure of the long-requested books and records of account and agreements (licensing or otherwise) concerning the musical compositions and sound recordings at issue. Further resistance by you, your client and his representatives is counter-productive. We doubt that the Court will be persuaded to stay discovery of such obviously relevant evidence by the pendency of your contemplated Rule 12(c) motion, and urge you to reconsider your position and put an end to the stonewalling that has previously characterized your client's responses to Plaintiff's request for such information.

As I stated when advising you of our concerns about your continued participation as counsel of record in this case, we would prefer to avoid having to bring a formal motion to disqualify you and your firm, and ask that you consider withdrawing voluntarily or cite us to facts and/or legal authority that would permit you to continue in that capacity.

Please contact us if you have any questions.

Sincerely,

Stacy Allen

cc:    Lawrence A. Waks
       Daniel Scardino
       Emilio B. Nicolas

4977044v.2 129806/00001