UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIAN RITCHIE, individually and d/b/a
VIOLENT FEMMES,

               Plaintiff,                    No. 07-CIV-7269 (VM)

              - against -

GORDON GANO, individually and d/b/a GORNO
MUSIC a/k/a GORNO MUSIC (ASCAP) a/k/a
GORNO MUSIC PUBLISHING,

               Defendants.
-----------------------------------------------------------x

## DECLARATION OF ALAN N. SKIENA

ALAN N. SKIENA declares under penalty of perjury as follows:

1. I am the exclusive publishing administrator for Gordon Gano, the defendant and counterclaim-plaintiff in the above-referenced action. I am also a non-party witness in this action. I respectfully submit this declaration in opposition to the motion of Plaintiff Brian Ritchie ("Ritchie" or "Plaintiff") to disqualify Robert S. Meloni, Esq. (and vicariously, the law firm of Meloni & McCaffrey, P.C.) as litigation counsel for Gano and as my counsel as a non-party witness in this action.

2. Since approximately 1986, I have been the administrator of the musical compositions controlled by Mr. Gano through his company called Gorno Music. I have never represented Ritchie's interests in any capacity and I have never been Ritchie's lawyer. I have, as part of my administration services to Gorno Music, computed the amounts payable by Gorno Music to Ritchie by reason of his income participation arrangement with Mr. Gano.

3. From time to time, I also render legal advice to Gordon Gano.

4. The purported reference "Estimate for Meloni Charges: $1,200 - 3 hours at $400" appearing on my 2006 worksheet for "Gorno Music 2006 Gross Receipts," had nothing to do with purported legal services Mr. Meloni had performed for Ritchie, "Violent Femmes" (the "Band") or any partnership arrangement of which I was aware. Ritchie's representative, Andrew Halbreich, had, beginning in 2006, attempted to obtain confidential business records belonging to Gorno Music from me and I found it necessary to ask Mr. Meloni for legal advice on Gorno Music's behalf concerning these unwarranted demands. As a result of Ritchie's improper conduct, I was instructed by Mr. Gano to recover a portion of the legal fees Mr. Gano estimated Gorno Music would be required to pay Mr. Meloni as a surcharge on the money Gorno Music was paying to Ritchie as his income participation interest for that accounting period. The line item referenced in my worksheet referred only to legal fees we estimated Mr. Meloni would bill Gorno Music. Thus, Mr. Meloni never performed legal services for, or charged anything to, Ritchie, the Band or any partnership of which I was aware.

5. Furthermore, Gorno Music does not "administer the Band's music catalog." Gorno Music has never administered the catalog of <u>sound recordings</u> made by the Violent Femmes. Gorno Music has its own catalogue of <u>musical compositions</u>, and (except in a very small number of exceptions) only administers the copyright shares attributable to Gano's authorship contributions, which in almost all cases is 100%. With the exception of the song "Vancouver," to the best of my belief, Gorno Music does not administer any shares of songs owned by Ritchie. To the best of my belief, Ritchie's company, called Humidor Music, performs administration services on his behalf, perhaps through third parties.

6. I also understand that one of the bases Ritchie relies on for his disqualification argument is Mr. Meloni's representation of me as a non-party witness in this litigation at the same time he represents Mr. Gano as a defendant, which purportedly creates some form of concurrent conflict. However, prior to Mr. Meloni's agreement to represent me as a non-party witness in this litigation I was fully advised by Mr. Meloni of the full implications of the common representation of both Mr. Gano and me including the potential for conflicts arising therefrom and, after intentionally foregoing an opportunity to review my decision with independent counsel, I knowingly waived all conflicts that may arise from that representation. This constitutes a written confirmation of that waiver. Moreover, if it comes down to either my relinquishing Mr. Meloni's as my attorney or Mr. Gano losing Meloni's services as his litigation counsel a trial, then I will forego the use of Meloni's legal services and retain separate counsel.

7. Finally, my interest in this litigation is not adverse to Gano's interest. First of all, I am not a party to this action. Second, the fact that I may believe Ritchie is mistaken in his purported understanding of my purported relationship to him as a publishing administrator – and there was and is no such relationship – is not adverse to Gano's position that the 2001 Agreement was not entered into by Ritchie by mistake.

8. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 3, 2008

_____
Alan N. Skiena